**Robert HAMMERMAN, Plaintiff and Counter-Defendant,**

v.

**Thomas A. PEACOCK, Defendant and Counterclaimant,**

v.

**SMITH BARNEY, HARRIS UPHAM & COMPANY, INC., Additional Defendant on Counterclaim.**

Civ. A. No. 84–2724.

United States District Court, District of Columbia.

Oct. 11, 1985.

Robert L. Cope, Washington, D.C., for counterclaimant Thomas A. Peacock.

James H. Schropp, Richard H. Wyron, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., for counterdefendants.

MEMORANDUM OPINION
AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

On August 15, 1985 defendant-counterclaimant Thomas A. Peacock filed a motion to compel Smith Barney, Harris Upham & Co. and Robert Hammerman to properly answer certain interrogatories and to properly respond to the pending request for production of documents. Specifically, the motion requested an order to require proper responses by Smith Barney to interrogatories Nos. 36–38, 41–42, 46, and 48–49, and

by Mr. Hammerman to interrogatories Nos. 10, 36–38. With reference to the request for production of documents, the motion requested an order to require a further response and production by Smith Barney to Requests Nos. 1–36, 38–41, and by Mr. Hammerman to Request No. 9. On September 5, 1985 the counterdefendants filed an opposition to the motion to compel, combined with its memorandum of points and authorities in opposition to counterclaimants' motion to ignore counterdefendants' notice of appeal and also a reply in support of counterdefendants' request for clarification.[1] In view of these additional issues, the Magistrate deferred consideration of the discovery issues. On September 20, 1985 the Court issued a Memorandum Opinion ruling that its prior ruling which denied the motion of the counterdefendants to compel arbitration of the federal securities law claims presented in the counterclaim of Thomas A. Peacock was not the proper subject of an interlocutory appeal. The requested stay of the proceedings was denied and the parties were ordered to proceed in this action according to the earlier established schedule.

Thomas A. Peacock has urged that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action in question, citing *Association for Women in Science v. Califano*, 566 F.2d 339, 343 (D.C.Cir. 1977) and *In re Wheat Farmers Antitrust Class Action*, 440 F.Supp. 1022, 1025 (D.D. C.1977). But these decisions predated the amendments to the Federal Rules of Civil Procedure in August, 1983 based on concerns of discovery abuse and overbreadth. As a result Rule 26(b)(1) (second paragraph) was amended to give the court the power, *sua sponte*, to limit discovery. Specifically, the court was given the power to limit the discovery sought if it "is unrea-

sonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Further, in limiting the scope of discovery, the court may consider whether "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in litigation."

In this case, the counterclaim involves issues of alleged "churning" and the counterdefendant Robert Hammerman's management of Thomas A. Peacock's account for the period of September 30, 1983 to July 27, 1984. Counsel for Mr. Peacock has characterized his counterclaim as seeking recovery for allegedly churning Mr. Peacock's account and for fraudulent and manipulative practices. It is thus inevitable that discovery should probe how the account was handled over the period in question in comparison with other accounts handled by Mr. Hammerman and that the brokerage firm's records must also be the subject of discovery. A stockbroker and the stock brokerage firm for which he works cannot avoid a legitimate scope of discovery solely by invoking the phrases that production or responding will be overly burdensome or unduly expensive. They must comply, for the most probative evidence, if it exists, may indeed come from their records and files. Cf. *Sendi v. Prudential-Bache Securities*, 100 F.R.D. 21 (D.D.C.1983).

Based on the foregoing analysis and rationale, it is now hereby this 11th day of October, 1985,

ORDERED:

1. Robert Hammerman shall answer interrogatory number 10 and each subpart thereof, specifically and in detail, and

---

1. However, that memorandum did not address the merits of the motion to compel but rather relied upon the notice of appeal as divesting the court of jurisdiction or, alternatively, upon the motion for a stay of the proceedings. They asserted that the appeal was filed prior to the time to respond to the motion to compel had

run. They expressly stated, "Counterdefendants also will respond to that motion, as appropriate, if discovery proceeds." As of this date, no further opposition has been filed, although the counterdefendants have since asked for a continuance of the trial date and for an extension of the date for terminating discovery.

where privileged, the factual basis for the assertion of the privilege must be set forth so that opposing counsel, and the Magistrate, if there is a motion to compel, may assess the validity of the privilege; interrogatory number 36 in a direct and specific response as to dollar amounts and how calculated; interrogatory number 37; and, interrogatory number 38.

2. Smith Barney, Harris Upham & Company, Inc. shall answer interrogatory number 40 in a direct and specific response as to dollar amounts and how calculated; interrogatory number 41; interrogatory number 42; interrogatory number 46 and to the extent privilege is asserted, the documents must not only be identified precisely but the factual basis for the privilege asserted must be set forth; interrogatory number 48 and interrogatory number 49, the answer to both interrogatories requiring a listing of the memoranda, the date, preparer, to whom addressed, and any other identifiers, and if privileged, the specific factual basis for the privilege asserted.

3. With reference to the requests for production of documents, the counterdefendants may delete the names of other customers in order to protect their privacy and the ability to relate the information to a particular person, but otherwise the records and documents shall be produced if otherwise relevant, and not privileged, and where privilege is asserted, a list shall be prepared specifically describing the document or documents with identifiers as to date, preparer, to whom addressed and subject matter and setting forth the factual basis for the assertion of the privilege; subject to the foregoing principles, Robert Hammerman shall comply with Request Number 9 and the Smith Barney, Harris Upham & Company, Inc. shall comply with Requests Numbers 28–30, or alternatively, it can furnish a response under oath of an executive representative thereof "of the dollar amount and percentages instead."

4. With reference to Requests 1–27, 31–36 and 38–41, to the extent Smith Barney has not produced documents and records responsive thereto on the basis of privilege, it must prepare a list of such documents and records, specifically describing the document or record as to date, preparer, to whom addressed, the subject matter, and any other relevant identifier, and state specifically the factual basis for the privilege asserted or for application of the work product doctrine, if applicable.

5. The Magistrate has been advised that the Court will continue the pretrial and trial dates, new dates to be set at a forthcoming status hearing, and thus, the Magistrate will require compliance with the provisions of this Order no later than 4:00 p.m., October 30, 1985; failure to comply or to seek an extension, if necessary, shall result in the award of appropriate sanctions.