778 F.2d 253
 54 USLW 2342, 3 Fed.R.Serv.3d 1050
 Chan KENDRICK, et al., Plaintiffs-Appellants,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
et al., Defendants,
v.
Mercedes WILSON, The Executive Director of the Family of the
Americas Foundation, Third-Party Deponent-Appellee.
 No. 85-3016.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 13, 1985.
 
 Jane Johnson, Tulane Law Clinic, New Orleans, La., Verna C. Sanchez, Atty., American Civil Liberties Union Foundation, Janet Benshoof, Paul, Weiss, Rifkind, Wharton & Garrison, Elaine H. Mandelbaum, Colleen McMahon, New York City, for plaintiffs-appellants.
 Liskow & Lewis, John M. Wilson, George W. Pugh, Jr., New Orleans, La., for Mercedes Wilson.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GEE and JOHNSON, Circuit Judges, and PARKER*, District Judge.
 OPINION
 JOHNSON, Circuit Judge:
 
 
 1
 Plaintiffs-appellants appeal from an order of the district court denying plaintiffs' motion to compel production of documents from a nonparty witness pursuant to Fed.R.Civ.P. 45(d)(1). This Court reverses the order of the district court.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 The plaintiffs-appellants, a group of taxpayers and clergymen and the American Jewish Congress ("taxpayers")[1] filed suit in the United States District Court for the District of Columbia challenging the constitutionality of the Adolescent Family Life Act (AFLA), 42 U.S.C. Sec. 300Z. Taxpayers challenge the AFLA on the ground that the Act violates the religion clauses of the First Amendment because it encourages the funding of religious institutions and creates excessive entanglement between church and state.
 
 
 3
 Seeking evidence to support their First Amendment claim, taxpayers subpoenaed to take the deposition of a nonparty witness, Mercedes Wilson, the Executive Director of the Family of the Americas Foundation, Inc. (FAF), a recipient of grant money under the AFLA. Wilson was also served with a subpoena duces tecum which required her to produce at her deposition "all correspondence with Pope John Paul II; all written, recorded or videotaped communication with Pope John Paul II; [and] all written, recorded or videotaped communication with the 'Pontifical Council for the Family at the Vatican.' " The notice and subpoena were issued and served on January 23, 1984, for a January 27, 1984, deposition.
 
 
 4
 At the January 27 deposition, Wilson served the taxpayers with written objections to the production of certain materials designated in the subpoena. Wilson specifically objected to the production of any correspondence with the Pope or Pontifical Council.[2] Taxpayers adjourned the deposition without moving in the district court for an order compelling Wilson to produce the requested documents.
 
 
 5
 On February 14, 1984, three weeks after Wilson's deposition, taxpayers responded to Wilson's written objections by offering a compromise. Specifically, taxpayers modified their production request to include only those "communications with the Pope that do not touch on personal or private matters." On April 19, 1984, Wilson refused to compromise and further refused to produce any communications between her agency and the Pope or the Pontifical Council.
 
 
 6
 On September 20, 1984, approximately eight months after Wilson's deposition, taxpayers filed a motion to compel production of the requested material in the United States District Court for the Eastern District of Louisiana.[3] The matter was referred to a United States Magistrate who on October 17, 1984, ordered an in camera inspection of the contested documents. After reviewing the documents, the magistrate ruled that the documents were relevant and not subject to any privilege. The magistrate further concluded that taxpayers' motion to compel was not untimely under Rule 45(d)(1) and ordered Wilson to produce all requested documents.
 
 
 7
 Wilson filed an objection to the magistrate's order with the district court. The district court proceeded to set aside the magistrate's order compelling discovery as "clearly erroneous." The district court found that taxpayers' motion to compel production was not timely because the motion was not filed "before or during the taking of the deposition" under Fed.R.Civ.P. 45(d)(1). Consequently, the district court denied taxpayers' motion to compel discovery. Taxpayers filed a timely notice of appeal.
 
 II. DISCUSSION
 
 8
 According to the district court, Rule 45(d)(1) establishes a mandatory time frame for filing motions to compel production from nonparty witnesses. Rule 45(d)(1), as amended in 1970, provides that:
 
 
 9
 (1) Proof of service of a notice to take a deposition as provided in Rules 30(b) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named or described therein. Proof of service may be made by filing with the clerk of the district court for the district in which the deposition is to be taken a copy of the notice together with a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. The subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of Rule 26(c) and subdivision (b) of this rule.
 
 
 10
 The person to whom the subpoena is directed may, within 10 days after service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move upon notice to the deponent for an order at any time before or during the taking of the deposition.
 
 
 11
 (emphasis added).[4] On appeal, Wilson asserts that the district court properly interpreted the last sentence of Rule 45(d)(1). Wilson argues that the only reasonable interpretation of Rule 45(d)(1), as amended in 1970, is that a party may, but need not, pursue a judicial remedy for nonproduction of documents. However, if a party chooses to move to compel production of deposition documents, Rule 45(d)(1) provides a mandatory time frame in which the motion is to be made, i.e., before or during the taking of the nonparty deposition.
 
 
 12
 While Wilson's interpretation of Rule 45(d)(1) is not entirely without merit, this Court is convinced that the "before or during" language in Rule 45(d)(1) is permissive rather than mandatory. Rather than establishing a mandatory time limitation on motions to compel production, the 1970 amendment to Rule 45(d)(1) simply indicates that if a party wishes to examine documents before or in conjunction with a noticed deposition and if the nonparty deponent objects, the party may move for an order "before or during the taking of the deposition." See In re Wheat Farmers Antitrust Class Action, 440 F.Supp. 1022, 1025 n. 1 (D.C.D.C.1977). On the other hand, a party may wait until the deposition is complete before moving for an order compelling production depending upon the party's particular need for the documents.
 
 
 13
 A principle concern underlying the 1970 amendment to Rule 45(d)(1) was to correct the confusion occurring under existing pre-deposition procedures. The advisory committee note to the 1970 amendment of Rule 45(d)(1) states that:
 
 
 14
 At present, when a subpoena duces tecum is issued to a deponent, he is required to produce the listed materials at the deposition, but is under no clear compulsion to permit their inspection and copying. This results in confusion and uncertainty before the time the deposition is taken, with no mechanism provided whereby the court can resolve the matter. Rule 45(d)(1), as revised, makes clear that the subpoena authorizes inspection and copying of the materials produced. The deponent is afforded full protection since he can object, thereby forcing the party serving the subpoena to obtain a court order if he wishes to inspect and copy. The procedure is thus analogous to that provided in Rule 34.
 
 
 15
 (emphasis added). Thus, the 1970 amendment was intended, in part, to clarify existing ambiguities by indicating that a procedure does exist for a party seeking to obtain subpoenaed documents prior to taking an accompanying deposition.
 
 
 16
 Prior to the 1970 amendment, Rule 45(d) did not prohibit a party from seeking a discovery order after an accompanying deposition had been completed. The 1970 amendment was not designed to restrict this existing procedure. To the contrary, the 1970 amendment was designed, in part, to expand Rule 45(d) nonparty discovery. For example, prior to 1970, Rule 45(d) required production of documents but did not expressly authorize inspection and copying of produced documents. The 1970 amendment expanded the scope of Rule 45(d) discovery by specifically permitting inspection and copying of materials produced under a subpoena to take a deposition. Similarly, the 1970 amendment deleted the former requirement that documents subject to a subpoena duces tecum must be "evidence." Under the 1970 amendment, a Rule 45 subpoena duces tecum issued in connection with the taking of a deposition may go to "matters within the scope of examination provided by Rule 26(b)." Under Rule 26(b), discovery is not limited to evidence, but rather extends to any relevant unprivileged matter.
 
 
 17
 In addition to clarifying and expanding the scope of existing Rule 45 discovery, the 1970 amendments to the Federal Rules[5] were also designed to eliminate much of the dissimilarity between the procedures for obtaining document discovery from nonparty witnesses pursuant to Rule 45(d) and the procedures applicable to parties under Rule 34. See Fed.R.Civ.P. 45 advisory committee note to the 1970 amendment (observes that the procedure established by the 1970 amendment to Rule 45(d) is analogous to that provided in Rule 34); see also 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2451 (1971) (1970 amendments make the procedure for inspecting documents by subpoena very similar to the procedure authorized by Rule 34); 5A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice p 45.07 (2d ed. 1985) (plain intention of 1970 amendments is to make discovery under subpoenas duces tecum the same as discovery under Rule 34). For example, until 1970, inspection of documents under Rule 34 could be had only by a court order, after a motion and a showing of good cause. A subpoena duces tecum, on the other hand, issued under Rule 45(d) without a court order.[6] The 1970 amendments to the Federal Rules deleted the Rule 34 requirement of a court order thus bringing Rule 34 procedures more into conformance with Rule 45(d) procedures. Similarly, Rule 30 was amended in 1970 to specifically provide that in deposing a party, the notice of deposition may be accompanied by a request for production of documents. By providing a procedure similar to that available under Rule 45(d)(1), the amendment to Rule 30 further eliminated existing dissimilarities between party and nonparty document discovery. Because a request for a court order compelling discovery may be made at any time under the Rule 34 and Rule 30 procedures, interpreting Rule 45(d)(1) to provide a mandatory time frame for compelling production would create rather than eliminate a distinction between party and nonparty discovery procedures.[7] Given the general design of the 1970 amendments, this Court declines to interpret the Rule 45 amendment as creating such a distinction.
 
 
 18
 In the instant case, taxpayers did not file a motion to compel production until some eight months after the Wilson deposition was adjourned. Given this Court's conclusion that a party may seek an order compelling production under Rule 45(d)(1) after the accompanying deposition has been completed, and the circumstances presented in the instant case, taxpayers' eight month delay does not prevent taxpayers from obtaining an order. A portion of the eight month delay occurred while taxpayers and the nonparty deponent, Wilson, were engaged in negotiations regarding voluntary disclosure of the subpoenaed documents. Moreover, Wilson has failed to indicate any prejudice or unnecessary burden which resulted from the delay. Finally, taxpayers' motion to compel production was filed within the discovery cut-off fixed by the district court.
 
 
 19
 Accordingly, the order of the district court setting aside the magistrate's order compelling discovery is
 
 
 20
 VACATED AND REMANDED.
 
 GEE, Circuit Judge, dissenting:
 
 21
 The plan of salvation will not be altered by our disposition of the matter before us today, nor am I in impassioned disagreement with the result arrived at by the majority or with its persuasive opinion. Even so, I would have viewed it as the better course to abide by the language of Rule 45(d)(1), especially since it is an express condition imposed upon the sole means by which non-party witnesses can be required to produce matter pretrial.
 
 
 22
 The construction given the rule by the majority renders its concluding phrase "before or during the taking of the deposition" surplusage. It is hard for me to believe that this phrase was intended to have no effect or that it was recommended by the Committee and promulgated by the Court in coincident fits of absentmindedness. Moreover, the majority construction holds a non-party before the court for whatever period pleases the movant--eight months, in this instance.
 
 
 23
 To be sure, what counts in such a matter as this is to have a rule, and a clear one. We have one now, and it is clear; but it is ours, not the one the Court wrote. Since it is not, I respectfully dissent.
 
 
 
 *
 District Judge of the Eastern District of Texas, sitting by designation
 
 
 [1]
 Plaintiff-appellants in the instant case include Chan Kendrick, Reverend Robert E. Vaughn, Reverend Lawrence W. Buxton, Dr. Emmett E. Cocke, Jr., Shirley Pedler, Reverend Homer A. Goddard, Joyce Armstrong, John Roberts and the American Jewish Congress
 
 
 [2]
 Wilson objected to the discovery request because it required the production of allegedly irrelevant and privileged material
 
 
 [3]
 Litigation in the Eastern District of Louisiana is purely a discovery matter ancillary to the main proceedings in the United States District Court for the District of Columbia
 
 
 [4]
 Prior to the 1970 amendment, Rule 45(d)(1) provided that:
 (1) Proof of service of a notice to take a deposition as provided in Rules 30(a) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named or described therein. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of subdivision (b) of Rule 30 and subdivision (b) of this rule 45.
 
 
 [5]
 In addition to the amendment to Rule 45, Rules 30 and 34 were also amended
 
 
 [6]
 A Rule 45(d)(1) subpoena issues as a matter of course by the court clerk
 
 
 [7]
 A number of distinctions still remain between procedures for the discovery of documents from a party and discovery from a nonparty. In the case of discovery from a nonparty, a subpoena duces tecum must be served. No subpoena is required to obtain documents from a party. Also, in the case of discovery from a party, the documents may be requested without the service of a notice to take a deposition, though it may accompany such a notice. A notice to take a deposition is a condition precedent to the issuance of a subpoena duces tecum
 Why the production of documents by nonparties was made dependent upon the taking of a deposition is not clear. One commentary has speculated that the intention was simply to tie the procedure for obtaining nonparty document discovery into the existing notice procedures for deposing nonparty witnesses. 5A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice p 45.07 (2d ed. 1985). Another possibility is an intention that document discovery be available only as an aid to the taking of depositions. This latter rationale, to the extent it ever was a consideration, has long since been abandoned. For example, the Supreme Court has held that oral testimony need not actually be taken at a nonparty deposition even though a subpoena duces tecum has issued in aid of the deposition. See Essgee Co. of China v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917 (1923).