**David J. GAULT, Plaintiff,**

v.

**NABISCO BISCUIT COMPANY, an operating company of Nabisco, Inc.; Does I through V and Doe Corporations I through V, Defendants.**

No. CV–S–97–0613–HDM(RJJ).

United States District Court,
D. Nevada.

Feb. 22, 1999.

Robert D. Martin & Elissa F. Cadish, Las Vegas, NV, for plaintiff.

Patrick H. Hicks, Las Vegas, NV, for defendant.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter came before the Court on Plaintiff's Motion to Compel (# 35). The Plaintiff seeks an order from the Court pursuant to Rule 37 of the Federal Rule of Civil Procedure, requiring the Defendant to answer certain interrogatories and certain requests for production of documents. Unfortunately, the Motion to Compel (# 35) is not timely and is therefore denied.

## BACKGROUND

Plaintiff, David J. Gault, is suing the Defendant, Nabisco Biscuit Company for violating the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), under theories of disparate treatment and disparate impact. The parties conducted discovery pursuant to the Federal Rules of Civil Procedure and the Local Rules for two years after the complaint was filed.

The critical time periods to this motion are concentrated around the close of discovery date. Eighty-nine (89) days before the close of discovery, the plaintiff served his third set of interrogatories and second set of requests for production of documents on the defendant. Nabisco answered the interrogatories and requests for production timely. Thereafter, the discovery period expired.

Pursuant to the scheduling order, dispositive motions had to be filed within thirty (30) days after the close of discovery. Nabisco filed a timely motion for summary judgment.

Finally, two weeks after Nabisco filed its motion for summary judgment, Gault's attorney sent a letter to Nabisco's counsel, demanding further responses to its third set of interrogatories and second request for production of documents. This letter was sent ninety-nine (99) days after Gault received Nabisco's answers to these interrogatories and requests for production of documents. After a flurry of letters between the attorneys on this issue, they spoke by telephone in an effort to resolve the dispute without court action. Finally, Gault filed this motion to compel seventy-six days (76) after the close of discovery and one hundred thirty-six

(136) days after the receipt of Nabisco's answers to interrogatories and requests for production of documents.

## DISCUSSION

■ "Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D.Nev.1996). The Federal Rules of Civil Procedure and the Local Rules of this district do not specify a time limit for filing a motion to compel. Therefore, the court is called upon to establish a reasonable time for a party to bring a motion to compel.

■ "If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2285 (1994 & Supp.1998). "[T]he requesting party cannot delay a motion to compel with impunity." The Rutter Group, *Federal Civil Procedure Before Trial,* ¶ 11.753 (1998). This latter treatise further opines that "[i]f the delay results in 'substantial prejudice' to the party to whom it was directed ..., the court may hold that the requesting party has waived the right to compel response and disclosure. [See, *Kendrick v. Heckler* (5th Cir.1985) 778 F.2d 253; *Byrnes v. Jetnet Corp.* (M.D.N.C.1986) 111 F.R.D. 68]." *Id.*

Gault's counsel found and cited the *Kendrick* and *Byrnes* cases. The court in each found no waiver of the right to compel responses and disclosure although the motion to compel was not filed promptly. In *Kendrick* the delay was eight months before filing the motion to compel, and in *Byrnes* the delay was six months before filing the motion to compel. Significantly, in both *Kendrick* and *Byrnes* the motion to compel was filed before the discovery cut-off date. *Kendrick,* 778 F.2d at 258; *Byrnes,* 111 F.R.D. at 71. A motion to compel filed during the discovery period would rarely be considered untimely. Although Gault's delay is shorter than that in *Kendrick* or *Byrnes,* Gault's motion to compel was filed after the discovery date.

Gault gives no reason for the delay in filing his motion to compel. Gault points out in his Motion (# 35) and Reply (# 38) that he did not raise Rule 56(f) in opposing Nabisco's motion for summary judgment because he was able to fully and substantively oppose Nabisco's motion for summary judgment without resorting to Rule 56(f). Gault then concludes that "Nabisco has been unhindered in its preparation for trial." Essentially, Gault is arguing that there is no prejudice to the defendant Nabisco if the court allows the late filing of a motion to compel. Gault ignores the obligation of the court "to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1.

■ A motion to compel may be filed after the close of discovery. Absent unusual circumstances, it should be filed before the scheduled date for dispositive motions. After two years of discovery in this case, it is not unreasonable to expect a motion to compel to be filed in close proximity to the discovery deadline. Gault was aware of the deficiencies nearly two months before the close of discovery. It is unclear to the court whether Gault's delay in filing the motion to compel was the product of a tactical decision or negligence. Nothing indicates that the delay in filing the motion to compel was caused by matters outside the control of Gault and his attorney. Finally, to require additional discovery after the court's decision on Nabisco's motion for summary judgment, and on the eve of trial would cause a delay which the court finds inappropriate and unnecessary.

## ORDER

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel and for Sanctions (# 35) is denied.