Robert ARAKELIAN, et al., Plaintiffs,

v.

NATIONAL WESTERN LIFE INSURANCE CO., et al., Defendants.

Civ. A. No. 84–1953 SSH.

United States District Court, District of Columbia.

Oct. 12, 1990.

See also 748 F.Supp. 17.

Daniel Kozma, Laurence E. Gold, Washington, D.C., for plaintiffs.

Richard Guy Vernon, Washington, D.C., for National Western Life Ins. Co.

James Ray Eyler, George Beall, Baltimore, Md., Steven J. Sacher, Washington, D.C., Will D. Davis, Austin, Tex., James Ray Eyler, Baltimore, Md., Richard Guy Vernon, Washington, D.C., for defendants.

John T. Coyne, David Patrick Durbin, Washington, D.C., for trustees Boswell, Howard & Andrews and Builders, Contractors.

Jeffrey J. Hines, Alvin I. Frederick, Baltimore, Md., for Benefits, Inc.

Gerald I. Katz, Mark J. Stone, Teresa Ann Keough, Vienna, Va., for United Masonry.

Tarrant H. Lomax, Washington, D.C., for Halco Engin. & Welcon, Inc.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion for summary judgment of the three trustees (trustees) of the National Western Builders, Contractors, and Employees Retirement Trust and Pension Plan (Plan), namely, Andrews, Boswell, and Howard, plaintiffs' opposition, defendant trustees' reply and supplement, plaintiffs' response to the trustees' supplement, and the entire record. The Court grants defendant trustees' motion in part and denies it in part.

### Background

National Western established a pension plan which was marketed primarily to non-union contractors who worked on projects affected by the Davis–Bacon Act. 40 U.S.C. § 276a *et seq.* [For a more in-depth background of the Plan, *see Arakelian v. National Western Life Insurance Co.*, 724 F.Supp. 1033 (D.D.C.1989); *Arakelian v. National Western Life Insurance Co.*, 126 F.R.D. 1 (D.D.C.1989); *Arakelian v. National Western Life Insurance Co.*, 680 F.Supp. 400 (D.D.C.1987).] Plaintiffs allege in their complaint that National Western and its three trustees violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, in structuring, marketing, investing, and administering the Plan. The complaint names three other defendants who are not important in terms of the motion under consideration herein.

Defendant Richard Boswell was at relevant times a Vice President and Actuary of National Western. He has been a trustee since the inception of the Plan in 1977. He was appointed by National Western. Defendant John Howard also held significant positions at National Western. He has been Financial Vice President, Treasurer, and Assistant Secretary of National Western. National Western appointed Howard to be a trustee of the Plan in 1977. In 1981, defendant Richard Andrews joined National Western as Vice President of Qualified Plans. He was appointed by National Western to serve as a trustee at that time. None of the three received any separate compensation for their roles as Plan trustees.

The trustees previously filed a motion for summary judgment in combination with National Western which was resolved by this Court's October 1987 Memorandum Opinion. *See Arakelian,* 680 F.Supp. 400 (granting in part and denying in part defendants' motion). Defendant trustees are interpreting that Opinion in a fashion to argue that the Court should grant summary judgment as to all of plaintiffs' claims against the trustees.

### Discussion

■ In the October 1987 Opinion, the Court held that "[t]he trustees are not fiduciaries so far as investment decisions and surrender charges are concerned." *Id.* at 404. The Court held that the trustees were partially excluded from liability because of the definition of a fiduciary set forth in 29 U.S.C. § 1002(21)(A). Section 1002(21)(A) provides:

... a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretion-ary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in administration of such plan.

The Court found that the Plan instrument does not accord the trustees any discretionary authority over investment decisions, inasmuch as the Plan requires the trustees to invest all funds in National Western annuity contracts. In addition, the Plan does not name the trustees as fiduciaries, and the plaintiffs did not produce evidence showing that the trustees benefited financially from their roles. For these reasons, the Court held that the trustees were not liable for certain fiduciary breaches involving surrender charges and investment decisions.[1] The Court did not intend to absolve the trustees of all responsibility by that ruling. The Court therefore now addresses each count in the complaint.

### Count One

■ Count One alleges that the trustees violated the exclusive purpose rule by investing all of the Plan's assets in group annuity contracts underwritten and issued by National Western. (Complaint ¶ 23). The Court holds that since the Plan required the investment of all assets in National Western annuities, and the trustees had no discretion as to that decision, they are not liable for violating the exclusive purpose rule. *See* Bogert, Trusts and Trustees § 555 (2d ed. rev.1980, Supp. 1988)(stating that when an instrument

---

1. Title 29 U.S.C. § 1102(a) requires that each employee benefit plan be established and maintained pursuant to a written instrument. That instrument must set forth a "named fiduciary" who jointly or severally has authority to control and manage the operation and administration of the plan. Title 29 U.S.C. § 1103(a) requires that all assets of an employee benefit plans must be held in trust by one or more trustees. Subsection (b) of 29 U.S.C. § 1103 provides that assets "of a plan which consist[s] of insurance contracts or policies issued by an insurance company qualified to do business in a State" or assets held by an insurance company are excepted from that requirement. Therefore, National Western as the named fiduciary did not have to appoint trustees. However, once National Western did appoint trustees, they became fiduciaries with the responsibility to act prudently in all areas in which they had discretion or control.

gives complete or partial management powers to a named fiduciary or trustee, "[t]hese provisions do not involve questions of delegation of powers by one or more trustees because the trustee or trustees [were] never given or had such power to delegate.").

### Count Two

■■■ Count Two alleges that the trustees failed to discharge their duties with respect to the Plan and in the interest of the participants with the care, skill, prudence, and diligence that a prudent man acting in like capacity and familiar with such matters would. Thus, it is contended the trustees violated 29 U.S.C. § 1104(a)(1)(B). The trustees argue that they never had any discretion, never met, and never acted in any capacity that would make them fiduciaries for this purpose. Thus, they contend, they cannot be held liable for violating the prudent man and exclusive purpose rules.[2] The trustees in a

sense argue that since they did not act in a way that one would expect of a trustee, and since § 3.15 of the trust documents delegated all administrative powers to National Western, they cannot be held liable.[3] The Court disagrees. The trustees held themselves out to be acting in the interests of the beneficiaries. They signed documents as trustees and they had substantial powers as set forth in § 3.3 of the Declaration of Trust. The fact that all the administrative functions of the Plan were delegated to the Plan administrator (National Western) did not and does not absolve the trustees of their duty to review and insure that the administrator was acting in the best interests of the participants.[4] The Court thus finds that a great deal of material facts exist which controvert the trustees' motion for summary judgment on this claim.

### Count Three

■■ Count Three alleges that the trustees violated their fiduciary duty by failing

---

**2.** 29 U.S.C. § 1104(a) provides in pertinent part that:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and wit like aims;

(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter.

**3.** A fiduciary must discharge his duties in accordance with the documents and instruments governing the plan. However, a fiduciary also must act in accordance with the law. *See* Osgood, The Law of Pensions and Profit Sharing (1984). While National Western did not have to name trustees, once it did and gave them certain discretionary powers and held them out to participants as fiduciaries, and the trustees accept-

ed their positions, they became responsible for acting in a prudent manner in keeping with the laws and spirit of ERISA. *See* Bogert, Trusts and Trustees § 541(2nd ed. rev.1980)(stating that if a trustee accepts a trust he is deemed to know the rule of equity requiring ordinary care, and he takes the risk of being able to live up to such a standard. Persons who accept the office of trustee must accept it with the responsibility at all times to act with care and prudence.) While the trustees may have had limited authority to determine day-to-day administration and investment procedure, they did have a duty to monitor the trust to some degree.

**4.** In fact, the Declaration of Trust gives the trustees many powers which would enable them to look after the best interests of the participants. For example, § 3.3 states that the trustees have the power to determine "the interest of participant in the trust fund in the event of the maturity of beneficial interest or for any other purposes ...;" "[t]o employ agents, attorneys or assistants as the trustees deem necessary or advisable in connection with the management and operation of the trust ..."; "[t]o select and determine the appropriate forms, methods, and books of account for use by the trustee [*sic*] in the management and administration of the trusts ...;" "[t]o formulate and issue such rules and regulations as [they] may deem necessary for the purpose of administering the Plan ...;" "[t]o institute or defend any proceedings ... concerning the trust fund or the assets thereof...."

to diversify the investments of the Plan so as to minimize the risk of large losses as required by 29 U.S.C. § 1104(a)(1)(C). The Court held in its October 1987 Memorandum Opinion that the trustees had no discretion as to the investment of the funds; thus, summary judgment is granted as to Count Three.

### Count Four

■ Count Four alleges that the trustees violated the terms of the Plan documents by failing to limit the amount of contributions to the Plan which employers made in violation of 29 U.S.C. § 1104(a)(1)(D). The Court finds that genuine issues of material fact exist as to this count, and thus, the Court denies defendant trustees' motion as to Count Four.

### Count Five

■ In Count Five, plaintiffs allege that the trustees authorized the assessment of "surrender charges" and/or "early withdrawal penalties" against the account balances of participants in violation of 29 U.S.C. §§ 1053 and 1054(a) and (g). In the Court's October 1987 Memorandum Opinion, it was held that the trustees were not fiduciaries as to decisions regarding surrender charges. Accordingly, defendant trustees' motion for summary judgment is granted as to this count.

### Count Six

■ In Count Six, plaintiffs allege that trustees Boswell, Howard, and Andrews, as fiduciaries to the Plan, violated 29 U.S.C. § 1106(a)(1)(C) by investing Plan assets in group annuity contracts issued by National Western; purchasing with Plan assets group annuity contracts issued by National Western; and paying Plan assets to National Western in the form of premiums, commissions, fees, charges penalties, and/or compensation. Again, this leads the Court back to its October 1987 Opinion in which it held that the "[t]rustees are not fiduciaries so far as investment decisions and surrender charges are concerned." Accordingly, summary judgment is granted as to Count Six.

### Aiding and Abetting

The trustees also claim that they should be granted summary judgment on plaintiffs' claim that they aided and abetted in National Western's fiduciary breaches. The trustees argue that (1) this claim was not specifically set forth in the complaint, and thus it cannot be raised; and (2) that even if it can be raised, plaintiffs fail to make a factual or legal case of aiding and abetting.

The trustees admit that the aiding and abetting theory was raised in interrogatories and in various prior pleadings. However, they claim that the fact that it was not specifically listed in the complaint is a fatal flaw. Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) states that "pleadings shall be simple, concise, and direct. No technical forms of pleadings or motions are required." Fed.R.Civ.P. 8(e). Rule 8(f) requires that all pleadings be "construed as to do substantial justice." Fed.R.Civ.P. 8(f).

■ It is readily recognized that "a complaint must be read broadly to determine whether it provides the defendant with fair notice of the claim and presents a claim which would, if proved, entitle the claimant to relief." *Grogan v. General Maintenance Service, Co.*, 763 F.2d 444, 449 (D.C.Cir.1985) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957); *see also Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2383, 91 L.Ed.2d 18 (1986). Although neither the Court nor the parties are required to fabricate a claim which is not part of the complaint, where the gist of the complaint is clear, and where the facts set forth the legal claim such that the parties are not prejudiced, the complaint should be read broadly to incorporate such a claim. *See, e.g., Grogan v. General Maintenance Service Co.*, 763 F.2d at 449; *Hanson v. Hoffmann*, 628 F.2d 42, 53 (D.C.Cir.1980) (stating that the Federal Rules of Civil Proce-

dure do not require a plaintiff to set out the facts in detail or plead the legal theories upon which he bases the claim); *Genentech v. Bowen*, 676 F.Supp. 301, 307–08 (D.D.C.1987).

 The trustees concede that the theory of aiding and abetting was clearly set forth in interrogatories and in pleadings filed about April 1988. The trustees have been on notice of this claim, and have not been prejudiced by plaintiffs' raising the allegation. In fact, the element necessary to prove aiding and abetting is set forth in the complaint—knowing participation in fiduciary breaches.[5] *See, e.g., Fink v. National Savings & Trust Co.*, 772 F.2d 951 (D.C.Cir.1985); *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir.1988); *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220–21 (2d Cir.1987); *Thornton v. Evans*, 692 F.2d 1064 (7th Cir.1982); *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D.Wis.1979). Accordingly, the trustees' motion for summary judgment on the aiding and abetting claim is denied. The Court further determines that insufficient evidence has been presented to justify summary judgment as to the merits of this claim at this time. Accordingly, the Court also denies the defendant trustees' motion for summary judgment on the merits of plaintiffs' aiding and abetting claim.

### Conclusion

Defendant trustees' motion for summary judgment is granted in part and denied in part. The Court grants the trustees' motion for summary judgment as to Counts One, Three, Five, and Six. The Court denies the trustees' motion for summary judgment as to Counts Two and Four and the aiding and abetting claim.

SO ORDERED.

---

**5.** Some courts have held that non-fiduciaries must knowingly participate and profit from such participation. *See, e.g., Thornton v. Evans*, 692 F.2d 1064 (7th Cir.1982); *Fremont McGraw–Edison Co.*, 606 F.2d 752, 759 (7th Cir.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980); *Donovan v. Daugherty*, 550 F.Supp. 390, 410–11 (S.D.Ala.1982). *But see Whitfield v. Lindemann*, 853 F.2d 1298 (5th Cir. 1988), *cert. denied, Klepak v. Dole*, 490 U.S. 1089, 109 S.Ct. 2428, 104 L.Ed.2d 986 (1989).