**SOUTH SEAS CATAMARAN, INC., Plaintiff,**

v.

**The MOTOR VESSEL "LEEWAY", Official No. 916167, her engines, tackle, etc., in rem, and PCR Enterprises, Inc., in personam, Defendants.**

Civ. A. No. 87–3238(SSB).

United States District Court, D. New Jersey.

May 4, 1988.

**18**

Ober, Kaler, Grimes & Shriver by Clarkson S. Fisher, Edison, N.J., and Schreiber, Rodon–Alvarez, P.A., by Gerhardt A. Schrieber, Coral Gables, Fla., for plaintiff.

William C. Skye, Camden, N.J., Simon W. Tache, Philadelphia, Pa., for defendant PCR Enterprises, Inc.

## OPINION

· BROTMAN, District Judge:

### I. INTRODUCTION

Currently pending before this court is the motion of plaintiff South Seas Catamaran, Inc., to dismiss the counterclaim of defendant PCR Enterprises or to transfer the instant action to a more convenient forum and the appeal from the Order of the United States Magistrate for the District of New Jersey directing that the deposition of plaintiff's representative be taken in this District or in nearby Philadelphia, Pennsylvania. Pursuant to its motion, plaintiff seeks the dismissal or transfer to the Middle District of Florida of defendant's counterclaim under the venue provisions of the United States Code. 28 U.S.C. §§ 1391(a), 1404(a), 1406(a). Pursuant to its appeal, plaintiff seeks to have this court set aside as clearly erroneous or contrary to law that portion of Magistrate Simandle's February 10, 1988 Order compelling the appearance of plaintiff's president in New Jersey or in nearby Philadelphia, Pennsylvania for the taking of his deposition in the event that plaintiff's motion to dismiss or transfer was denied. After reviewing the submissions of the parties, we hereby deny plaintiff's motion to transfer and affirm the Magistrate's February 10, 1988 Order regarding the situs of the oral deposition of plaintiff's president.

### II. FACTS and PROCEDURES

On August 10, 1987, plaintiff filed suit against the M/V "LEEWAY", *in rem*, and PCR Enterprises, Inc. (hereinafter "PCR"), *in personam*, seeking the entry of judgment against the M/V "LEEWAY" in the amount of $47,370.00, plus fees and costs. On that same date, this court issued a Warrant of Arrest *In Rem* directing the United States Marshal to take the M/V "LEEWAY" into custody pending further order of the court. Soon thereafter, PCR timely filed its answer and asserted a counterclaim against plaintiff alleging a breach of its construction contract with PCR; however, no appearance was ever filed on behalf of the M/V "LEEWAY." As a result, default was entered by the Clerk against the M/V "LEEWAY" on September 29, 1987 and a final judgment by way of default was entered against the ship on

October 2, 1987 by this court in the amount of $60,468.65. Finally, on October 16, 1987, this court confirmed the interlocutory sale at public auction of the M/V "LEEWAY," discharged the substitute custodian upon the tender of the M/V "LEEWAY" to plaintiff and ordered the United States Marshal to execute and deliver to plaintiff a bill of sale.

The entry of this court's October 16, 1987 Order disposed of plaintiff's claim in its entirety and left standing only PCR's counterclaim against plaintiff for damages stemming from the latter's alleged breach of its contract with PCR to construct and furnish to defendant a seaworthy vessel. On October 30, 1987, plaintiff filed a motion to dismiss PCR's counterclaim, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction over the counterclaim due to the alleged absence of any viable admiralty or maritime claim. Prior to the resolution of plaintiff's motion, this court recognized the possible existence of diversity between the parties and directed defendant to submit an affidavit indicating its state or states of citizenship.[1] On December 1, 1987, PCR supplied this court with the information requested and, the court, satisfied as to the existence of diversity jurisdiction,[2] instructed plaintiff to withdraw its motion.

On January 6, 1988, plaintiff filed the instant motion to dismiss on the grounds of improper venue or, in the alternative, for a transfer of the case to the United States District Court for the Middle District of Florida, the judicial district in which the plaintiff purportedly "resides." In addition, on February 19, 1988, plaintiff filed its Notice of Appeal with this court from that part of the Magistrate's Order directing that the deposition of Earl Wilson, president of plaintiff corporation, be taken in New Jersey or in nearby Philadelphia, Pennsylvania. We will address plaintiff's motion and appeal *seriatim.*

## III. DISCUSSION

### A. *Plaintiff's Motion to Dismiss or Transfer Case To A More Convenient Forum*

Plaintiff moves to dismiss PCR's counterclaim on the ground that it has not been brought "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). Alternatively, plaintiff seeks to have the action transferred to the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a), because it is in that district where plaintiff allegedly "resides" and in which the contract was executed and the vessel constructed. Defendant argues that its choice of forum is proper because (1) all but one of its trial witnesses reside in this District, (2) the auction and interlocutory sale of the M/V "LEEWAY" took place in this District and (3) the judgment obtained by plaintiff was entered by a court sitting in this District.[3] The arguments of both plaintiff and defendant have created great waves, but both parties have missed the boat.

Rule 12(h) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

(1) A defense of ... improper venue ... is waived ... (B) if it is neither made by

---

[1]. Plaintiff's Complaint properly alleged both the state of plaintiff's incorporation (Florida) and the location of its principal place of business (Cape Coral, Florida). However, with regard to defendant's states of citizenship, the Complaint alleged only its state of incorporation (Delaware), but omitted its principal place of business. Absent such information, this court was, initially, unable to determine whether or not it could exercise diversity jurisdiction over PCR's counterclaim.

[2]. PCR's December 1, 1987 affidavit indicates that defendant's principal place of business is located in Philadelphia, Pennsylvania.

[3]. We agree with plaintiff's position that the argument asserted in defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss or Transfer is flawed in that it presupposes the existence of proper venue within this judicial district. (*See* Plaintiff's Reply Letter–Memorandum to Defendant's Opposition, at 2). The nexus analysis offered by defendant is relevant only as to a motion seeking the transfer of a case on a theory of *forum non conveniens.*

motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.[4]

Simply stated, Rule 12(h)(1) provides that the defense of improper venue is waived if it is neither included in a pre-answer motion under Rule 12 as required by 12(g) nor, if no such motion is made, included in the responsive pleading or an amendment as of right to that pleading. Wright & Miller, *Federal Practice and Procedure: Civil* § 1391, at 850. The policy underlying Rule 12(h) stems from the judicially recognized principle that 28 U.S.C. § 1391 vests a defendant with a privilege, rather than a right, to attack a claim on the grounds of improper venue, and privileges, unlike inalienable rights, can be lost if not asserted in a timely fashion. *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n. 1 (2d Cir.1966), *quoting* 1 Moore, *Federal Practice,* ¶ 0.146[6], at 911 (2d ed. 1964). In addition, Rule 12(h) "... serves the purpose of early and expeditious determination of whether the court should proceed further with the action." *United Rubber, Cork, Linoleum and Plastic Workers of America, Local 102 v. Lee Rubber & Tire Corp.,* 269 F.Supp. 708, 714 (D.N.J.1967), *aff'd,* 394 F.2d 362 (3d Cir.), *cert. denied,* 393 U.S. 835, 89 S.Ct. 108, 21 L.Ed.2d 105 (1968).

■ The principle that the defense of improper venue is waived unless it is asserted in a pre-answer motion under Rule 12 or affirmatively plead in a responsive pleading has been universally accepted by the federal courts. *See e.g., Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986); *Paragon Internat. N.V. v. Standard Plastics, Inc.,* 353 F.Supp. 88, 89 (S.D.N.Y. 1973); *United Rubber,* 269 F.Supp. at 714; *Concession Consultants,* 355 F.2d at 371. The only exception to the waiver provision

contained in Rule 12(h) occurs where the complaint either fails to give the defendant sufficient information with which to attack the propriety of venue or fraudulently induces defendant to believe that the suit has been brought in the proper judicial district. Wright & Miller, *Federal Practice and Procedure: Civil* § 1391, at 853–54; *see also United Rubber,* 269 F.Supp. at 714.

At bar, plaintiff never filed a preliminary 12(b)(3) motion to dismiss nor did it raise the defense of improper venue in its answer to defendant's counterclaim (filed with this court on September 14, 1987) and, thus, has waived its right to assert it at this late juncture. Plaintiff does not argue, nor could it in good faith do so, that it lacked sufficient information to attack the propriety of venue in this District at the time it filed its responsive pleading. In fact, it is readily apparent from the allegations of defendant's citizenship contained in Paragraph 3 of plaintiff's Complaint that plaintiff had ample notice of a possible venue defense. Therefore, plaintiff having waived its privilege to assert the defense of improper venue, plaintiff's motion to dismiss defendant's counterclaim or, in the alternative, to transfer the action to the Middle District of Florida is denied.

### B. *Appeal from the Magistrate's Discovery Order*

By Memorandum Order dated February 10, 1988, Magistrate Simandle granted defendant's motion to compel the deposition of plaintiff's President Earl Wilson, but stayed the Order pending this court's resolution of plaintiff's motion to dismiss or transfer. The Magistrate's Order directs the taking of the deposition of plaintiff's president within twenty (20) days after determination by this court of the instant motion, in New Jersey or Philadelphia,

---

4. Rule 15(a) provides in relevant part that:
   A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Fed.R. Civ.P. 15(a).

This exception to the waiver rule of 12(h) is not applicable to the case at bar since plaintiff filed its answer to defendant's counterclaim on September 14, 1987 and did not seek to amend its pleading within the prescribed 20-day period to include the affirmative defense of improper venue.

Pennsylvania, if the case remains in this District, or in Florida, if the action is transferred to that judicial forum. Plaintiff appeals from that portion of the Magistrate's Memorandum Order requiring plaintiff to produce its president for an oral deposition in New Jersey or Philadelphia, Pennsylvania in the event that the case remains in this District.

The Magistrate premised his decision on the generally recognized rule that, absent a showing of financial hardship or inability to attend depositions in the forum, the corporate plaintiff is required to produce its agents or officers for depositions in the district in which plaintiff has instituted suit. *South Seas Catamaran, Inc. v. The Motor Vessel "LEEWAY", et al.*, No. 87–3238, slip op. at 2 (D.N.J. February 10, 1988) (Mag. Simandle). Plaintiff contends that it should not be subjected to this general tenet of discovery, since it is a plaintiff in name only. More appropriately, plaintiff argues, this court should treat it as a defendant and, accordingly, order that the deposition of Earl Wilson be taken at plaintiff's corporate headquarters. In support of its argument, plaintiff postulates two reasons why the court should apply this rule: (1) plaintiff's *in rem* action against the M/V "LEEWAY" was filed in this District out of necessity, rather than by choice; and (2) all matters pertaining to plaintiff's Complaint have long since been resolved.

■ Federal Rule of Civil Procedure 72(a) provides that a ruling by a magistrate should be set aside by a district court on review only if found to be clearly erroneous in fact or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A); General Rules of the United States District Court for the District of New Jersey, Rule 40(D)(4)(a). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *United States v. Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). We can draw no such conclusion from the Magistrate's ruling below.

■ As a threshold matter, we note that the district court, either through the magistrate or the district judge, has great discretion in designating the location of the taking of a deposition, *Thompson v. Sun Oil Company*, 523 F.2d 647, 650 (8th Cir.1975), and thus each application must be considered on its own facts and equities. *Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (W.D.MO 1972). Magistrate Simandle applied the general rule requiring plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought to the facts at bar and concluded that either New Jersey or Philadelphia, Pennsylvania would be appropriate locations in which to depose plaintiff's president in the event that plaintiff failed to prevail on its motion to dismiss or transfer. After weighing the submissions of the parties, the Magistrate concluded that plaintiff had shown neither financial hardship nor the inability of plaintiff's president to attend the deposition in this District and, at most, had shown that his trip to this forum would be inconvenient. We see nothing in the record that would warrant disturbing the Magistrate's discretionary finding.

■ It is plaintiff's position that the Magistrate should have directed the taking of Wilson's deposition at plaintiff's principal place of business, in Coral Gables, Florida, because it is a *de facto* defendant in the instant action, and therefore a plaintiff in name only. We reject plaintiff's argument as specious, since it was the plaintiff, and not the defendant, which first sought to invoke this court's equitable and legal authority to obtain *in rem* relief. That a judgment has been entered in plaintiff's favor and the proceedings concluded with respect to its Complaint does not alter the fact that PCR's counterclaim is before this court because of plaintiff's original choice of forum. Thus, we find the Magistrate's application of the "plaintiff's choice-of-forum rule" to have been highly appropriate given the circumstances of this case.[5]

5. Even were we to treat plaintiff as a *de facto* defendant in the case at bar, we would still reach the same result. The general rule that the deposition of a corporate defendant through its

Having concluded upon *de novo* review of the Magistrate's order that it was not clearly erroneous or contrary to law, we affirm the Magistrate's ruling and direct plaintiff to comply with the terms of that Order within the period of time prescribed therein.

An appropriate order will be entered.

### ORDER

This matter having come before the court on plaintiff's motion to dismiss defendant's counterclaim or, in the alternative, to transfer the action to the Middle District of Florida and plaintiff's appeal from Magistrate Simandle's February 10, 1988 Memorandum Order; and

The court having thoroughly considered the submissions of the parties; and

For the reasons stated in the court's opinion filed this date;

IT IS on this 4th day of May, 1988, hereby

ORDERED that:

(1) Plaintiff's motion for dismissal of the action or for transfer of this case to the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(a), 1404(a) and/or 1406(a) is DENIED; and

(2) The Magistrate's February 10, 1988 Memorandum Order compelling plaintiff to produce its president for a deposition in New Jersey or in nearby Philadelphia, Pennsylvania within twenty (20) days of the entry of this court's Order, in the event that its motion to dismiss or transfer was denied, is AFFIRMED. Plaintiff is directed to comply with the terms of the Magistrate's February 10, 1988 Order within the period of time prescribed therein.

No costs.

---

agents or officers should be taken at its principal place of business is not an inflexible one and is subject to modification when justice so requires. Wright & Miller, *Federal Practice and Procedure: Civil* § 2112, at 410; *see e.g., Society of Independent Motion Picture Producers v. United Detroit Theatres Corp.,* 8 F.R.D. 453, 455 (E.D.Mich.1948). Notwithstanding the general-

ly recognized rule, courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship. *See e.g., Tomingas v. Douglas Aircraft Co.,* 45 F.R.D. 94, 97 (S.D.N.Y.1968).