Robert ARAKELIAN, et al., Plaintiffs,

v.

**NATIONAL WESTERN LIFE INSURANCE COMPANY, et al., Defendants.**

Civ. A. No. 84–1953–SSH.

United States District Court, District of Columbia.

May 10, 1989.

Laurence E. Gold, Washington, D.C., for plaintiffs.

Jeffrey J. Hines, Baltimore, Md., for Benefits, Inc.

Gerald I. Katz, Washington, D.C., Mark J. Stone, Teresa Ann Keough, Vienna, Va., for United Masonry.

Gerald I. Holtz, Washington, D.C., Charles Martinez, Baltimore, Md., for Builders, Cont. & Emp. Ret.

George Beall, James Eyler, Edward Adkins, Baltimore, Md., Richard G. Vernon, Washington, D.C., Will D. Davis, Austin, Tex., for Nat. Western.

John T. Coyne, David P. Durbin, Washington, D.C., David Latzko, Vienna, Va., for trustees.

Tarrant H. Lomax, Washington, D.C., for Halco Engin. & Wilcon.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiffs' motion for reconsideration of two of Magistrate Patrick J. Attridge's rulings of November 10, 1988. Magistrate Attridge (1) granted defendant Benefits, Inc.'s motion to strike plaintiffs' supplemental Federal Rule of Civil Procedure 26(b)(4) statement, and (2) denied plaintiffs' motion to file a surreply to defendant United Masonry, Inc.'s motion for summary judgment. Upon consideration of the motions, the oppositions thereto, and the entire record, the

Court concludes that plaintiffs' motion for reconsideration should be denied.

## Background

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001 *et seq.* Briefly, plaintiffs contend that certain defendants have violated various sections of ERISA thereby breaching their fiduciary duties, and that defendants Benefits and United Masonry, among others, knowingly participated in or aided and abetted the alleged breaches. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 503, this Court referred the determination of pretrial matters to Magistrate Attridge.

With respect to the first issue to be resolved, whether Magistrate Attridge's grant of defendant Benefit's motion to strike plaintiffs' supplemental Rule 26(b)(4) statement should be reconsidered, the relevant facts are as follows. During the pretrial proceedings, Magistrate Attridge set a discovery deadline of April 15, 1988. At a status conference on May 3, 1988, however, the discovery deadline was extended, in part due to difficulties the parties encountered in deposing each other's expert witnesses before the close of discovery. Magistrate Attridge issued an Order on May 3, 1988, extending the deadline for depositions of the plaintiffs' and defendant Benefit's expert witnesses until May 27, 1988. The Order emphasized that "[d]iscovery in all other respects remains closed." On May 16, plaintiffs filed their supplemental Rule 26(b)(4) statement and, on the same day, Benefits filed a motion to strike plaintiffs' statement. On November 10, 1988, Magistrate Attridge granted Benefit's motion to strike plaintiffs' statement because it was untimely and filed without leave of the Court.

The second issue to be decided is whether Magistrate Attridge's denial of plaintiffs' motion for leave to file a surreply should be reconsidered by this Court. With respect to this issue, defendant United Masonry filed a motion for summary judgment and a request for additional time to file supporting papers on April 15, 1988. Magistrate Attridge granted all of the defendants a two-week extension until April 29, 1988, to file summary judgment motions. United Masonry filed its supporting papers within this time period. Plaintiffs filed their opposition memorandum on May 26, 1988, after receiving a one-week extension from United Masonry and additional extensions from the Court. On June 8, 1988, United Masonry filed its reply memorandum. Three weeks later, on July 1, 1988, plaintiffs filed a motion for leave to file a surreply. Magistrate Attridge denied plaintiffs' motion in the Order issued November 10, 1988.

## Discussion

■ Upon a motion for reconsideration of a magistrate's determination of non-dispositive motions and other pretrial matters, a judge may modify or set aside any portion of the Order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Indiana Coal Council v. Hodel*, 118 F.R.D. 264, 266 (D.D.C.1988). A magistrate's determination is clearly erroneous when, "although there is evidence to support [a finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Plaintiffs have failed to show that Magistrate Attridge's grant of Benefit's motion to strike plaintiffs' supplemental statement is clearly erroneous. In the May 3, 1988, Order extending discovery in part until May 27, 1988, Magistrate Attridge stated that discovery remained closed in all respects apart from those specifically mentioned in the Order.[1] The deadline for filing supplemental Rule 26(b)(4) statements

---

1. With respect to the issues now being decided, discovery was extended only for the depositions of plaintiffs' and Benefits' expert witnesses.

 

was not extended; therefore, it was necessary for plaintiffs to request leave of the Court to file their statement after the April 15, 1988, deadline. Plaintiffs failed to request leave of the Court before filing their statement on May 16, 1988, and now argue that the applicable deadline was necessarily extended until May 27, 1988. This Court sees no basis for plaintiffs' argument, and finds that the grant of Benefits' motion to strike was not clearly erroneous or contrary to law.[2]

■■■ Similarly, Magistrate Attridge's denial of plaintiffs' motion for leave to file a surreply to United Masonry's motion for summary judgment is not clearly erroneous. Plaintiffs filed their motion for leave to file a surreply on July 1, 1988, 22 days after United Masonry's reply memorandum was filed. The Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure. Therefore, a magistrate has the discretion to govern the procedures for the filing of a surreply. This Court will not second-guess a magistrate's discretionary decision unless it is clear that error has been committed. A magistrate must have discretion to carry out his judicial functions in governing pretrial matters so that the issues may be efficiently litigated at trial. This case was originally filed in this Court in 1984. The complexity of the case, coupled with numerous delays in resolving pretrial matters, have prevented the trial of this case on its merits for almost five years. Magistrate Attridge's decision to limit an endless series of arguments and motions by denying plaintiffs' motion for leave to file a surreply assuredly was not clearly erroneous. Accordingly, the plaintiffs' motion for reconsideration of Magistrate Attridge's November 10, 1988, rulings must be denied.

An appropriate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that plaintiffs' motion for reconsideration of Magistrate Attridge's rulings of November 10, 1988, is denied.

SO ORDERED.

**2.** Plaintiffs demonstrate their understanding of the limits of the May 3d Order extending discovery in their Memorandum of Points and Authorities in Support of the Plaintiffs' Motion to Strike and Opposition to Defendant National Western's Motion for Partial Summary Judgment. In that memorandum, plaintiffs assert an argument contrary to the one asserted in their Motion for Reconsideration of Magistrate Attridge's November 10, 1988, Rulings by stat-ing: "Magistrate Attridge extended discovery for certain specified matters until May 27, 1988, but ordered that '[d]iscovery in all other respects remains closed.'" Moreover, even if this Court allowed plaintiffs to file their supplemental Rule 26(b)(4) statement, the record indicates that plaintiffs' expert witness had no opinion with respect to any improper activities on the part of defendant Benefits.