Ronald G. GLUCK, Plaintiff,

v.

ANSETT AUSTRALIA LTD., Defendant.

No. 00–00449 RWR DAR.

United States District Court,
District of Columbia.

Dec. 14, 2001.

*MEMORANDUM OPINION AND ORDER*

ROBERTS, District Judge.

Plaintiff, Ronald G. Gluck, alleges he was injured during a flight on an airplane owned by defendant Ansett Airlines of Australia ("Ansett Airlines"). The plaintiff, appearing *pro se*, has moved this court to reconsider four rulings by the magistrate judge denying plaintiff's motions to compel and granting the defendant's motion for a protective order. Because it was not clearly erroneous or contrary to law for the magistrate judge to issue a protective order or deny the motions to compel production of documents, responses

to interrogatories, and information under Fed.R.Civ.P. 26(a)(1)(A) and (B), plaintiff's motion for reconsideration of the magistrate judge's denial of these motions will be denied. Because plaintiff is entitled to insurance information pursuant to Rule 26(a)(1)(D), plaintiff's motion for reconsideration of the denial of his motion to compel insurance information will granted.

## BACKGROUND

The plaintiff is suing the defendant for an injury he allegedly sustained to his left ear while traveling on defendant's airline. (Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. of the Denial of the First Mot. to Compel Produc. of Docs. and Answers to Interrogs. ("Pl.'s Recons. First Mot.") at 4.) The scheduling order in this case bifurcated the discovery process into two phases. The first phase of discovery was limited to issues of venue, jurisdiction and whether an accident took place. At plaintiff's request, the original February 23, 2001 deadline to complete phase one discovery was extended to April 30, 2001.

Dissatisfied with the responses he received to his discovery requests, plaintiff filed two motions to compel the production of documents and answers to interrogatories for two sets of discovery requests and a motion to compel Rule 26 disclosures. Magistrate Judge Deborah Robinson held a hearing on May 1, 2001 and denied all three motions.

On April 23, 25 and 26, 2001, just days before the April 30, 2001 discovery cutoff date, the plaintiff filed three separate requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure. Claiming that the plaintiff failed to timely serve his discovery requests, the defendant moved, on May 23, 2001, for a protective order seeking permission not to respond to the three separate requests. (Def.'s Mot. for a Protective Order at 1.) Magistrate Judge Robinson granted the defendant's motion for a protective order because the thirty-day period that a served party has to respond to a request for admission would have ended beyond the April 30, 2001 date for completing the first phase of discovery. (Def.'s Opp'n to Pl's Mot. to Recons. the Protective Order at

1–2.) The plaintiff has moved for reconsideration of the denial of his motions to compel and the granting of the defendant's motion for a protective order.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 72(a) and Local Civil Rule 72.2(b), a party may seek reconsideration of a magistrate judge's ruling on a nondispositive, discovery dispute. *See* Fed.R.Civ.P. 72(a); LCvR 72.2. A magistrate judge's ruling is entitled to deference and must be modified or set aside only if it is found to be "clearly erroneous or contrary to law." *See* Fed.R.Civ.P. 72(a); *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C.2000); *Arakelian v. National Western Life Ins. Co.*, 126 F.R.D. 1, 2 (D.D.C.1989). Such a finding is proper when " 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.' " *Neuder*, 194 F.R.D. at 292 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also Arakelian*, 126 F.R.D. at 2.

### I. *Protective Order*

Rule 36 of the Federal Rules of Civil Procedure permits a party to "serve upon any other party a written request for the admission ... of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact...." The purpose of Rule 36 requests for admissions "is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." *Lakehead Pipe Line Co. v. American Home Assurance Co.*, 177 F.R.D. 454, 457–58 (D.Minn.1997). As such, requests for admissions are similar to stipulations in the pretrial order. *See Revlon Consumer Prods. Corp. v. Estee Lauder Co.*, No. 00CIV.5960(RMB), 2001 WL 521832 (S.D.N.Y. May 16, 2001); *O'Neill v. Medad*, 166 F.R.D. 19 (E.D.Mich.1996).

Rule 36, strictly speaking, may not set forth a discovery procedure at all because a

party does not seek to discover a fact or opinion through a request for admission. Instead, a request seeks to have a party concede the genuineness of a fact or opinion that the requesting party believes to be settled. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2253 (2d ed.1994).

The assertion that requests for admissions may not be, technically speaking, tools of discovery has led to a split of authority as to whether requests for admission should be subject to discovery cutoff dates. Some courts have held that requests for admission are not subject to discovery cutoff dates because, theoretically, a requesting party is not seeking to discover anything. *See O'Neill,* 166 F.R.D. at 21 (holding that "[p]laintiff need not have submitted requests for admissions by the August 15 discovery motion cutoff date or by the discovery cutoff date of September 15 because requests for admissions are distinct from other general discovery devices and are not subject to discovery cutoff dates"); *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989) (holding that "Rule 36 requests for admissions [are] not included within the parameters of a general cutoff for discovery in a scheduling order").

A substantial number of other courts, however, have treated requests for admissions as being subject to discovery cutoff dates. *See Coram Health Care Corp. of Ill. v. MCI Worldcom Communications, Inc.,* No. 01 C 1096, 2001 WL 1467681, at *3 (N.D.Ill. Nov. 15, 2001) (holding that a request for admission is a tool of discovery subject to discovery cutoff dates); *Revlon Consumer Prods. Corp.,* 2001 WL 521832, at *1 (holding that requests for admissions are subject to discovery cutoff dates); *Toone v. Federal Express Corp.,* No. Civ. A. 96–2450(RCL), 1997 WL 446257, at *8 (D.D.C. July 30, 1997) (denying motion to compel responses to request for admissions because request was served on the date for completion of discovery); *Jarvis v. Wal–Mart Stores, Inc.,* 161 F.R.D. 337, 339 (N.D.Miss.1995) (treating "requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party"); *Kershner v. Beloit Corp.,* 106 F.R.D. 498, 499 (D.Me.1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions").

■ The text, structure and purpose of the federal rules and the scheduling order in this case suggest that service of plaintiff's requests for discovery was subject to the discovery deadline. Rule 26(a)(5) explicitly lists requests for admissions as a means of obtaining discovery. Fed.R.Civ.P. 26(a)(5). Moreover, the drafters of the Federal Rules of Civil Procedure included Rule 36 in the chapter of the rules governing depositions and discovery. *See* Fed.R.Civ.P., Ch. V. Since the rules were designed to provide for fair and speedy resolutions of disputes, *see* Fed.R.Civ.P. 1, it is fair to conclude that the framers of the rules intended that requests for admissions be subject to the rules applicable to other discovery tools, including Rule 16(b)(3) under which discovery deadlines are fixed in scheduling orders. *See Coram Health Care Corp.,* 2001 WL 1467681, at *3 (citing the fact that requests for admissions are listed in Rule 26(a)(5) as a method of discovery as the basis for concluding that a request for admission is a form of discovery); *Jarvis,* 161 F.R.D. at 339 (finding that Rule 36's inclusion in a section entitled "Depositions and Discovery" weighed in favor of treating a request for admission as a tool of discovery).

■ That approach seems particularly compelled in this case. Discovery here was bifurcated at the request of the parties "to facilitate settlement and/or to determine whether this case can be resolved by summary judgment or motion to dismiss prior to reaching the other merits of the claims." *See* Local Civil Rule 16 Report, ¶ 6; Scheduling Order, ¶ 1. The first phase focused narrowly on jurisdiction, venue, and whether an accident occurred. The conclusion of the first phase of discovery was to be followed quickly by dispositive motions.

Plaintiff served his requests for admissions a matter of days before the discovery deadline. He neither sought an extension of the discovery deadline to allow the thirty days for defendant's responses nor moved to shorten defendant's response time. That effec-

tively compressed the two time periods that the defendant would have been entitled to have for formulating responses and drafting dispositive motions in light of the responses into one. Magistrate Judge Robinson committed no error in protecting the defendant from plaintiff's sharp practice.[1]

## II. *Motions to Compel Production of Documents and Answers to Interrogatories*

Plaintiff seeks reconsideration of Magistrate Judge Robinson's decision not to compel additional responses to the approximately 57 responses by defendant to plaintiff's interrogatories and requests for production the defendant believes to be insufficient. Plaintiff makes essentially five arguments for compelling disclosure: 1) the plaintiff requested information post-dating the alleged accident and defendant has not provided most of the information requested from that time period (Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. of the Denial of the Second Mot. to Compel Produc. of Docs. and Answers to Interrogs. ("Pl.'s Recons. Second Mot.") at 5); 2) because defendant's responses to the first set of interrogatories and requests for production were untimely, defendant waived any claim of undue burden and should have been subject to other sanctions as well (Pl.'s Recons. First Mot. at 10); 3) defendant was required to produce all documents at the Washington, D.C. address designated by the plaintiff, not just make responsive documents available at its place of business in Melbourne, Australia (*id.* at 14–17); 4) the responses to the interrogatories were signed by defendant's counsel instead of an employee of the defendant (Pl.'s Recons. Second Mot. at 4); and 5) based on some of the defendant's responses and the nature of the plaintiff's requests, the defendant must have responsive documents it has not yet disclosed. (*Id.* at 26, 35.)

■ The first phase of discovery was limited to venue, jurisdiction and whether an accident occurred. The plaintiff seeks to establish personal jurisdiction over the de-

fendant under D.C.Code § 13–423(a)(1), a provision of the District of Columbia long-arm statute allowing jurisdiction over a defendant involved in "transacting any business in the District of Columbia." (Tr. at 13.)

Where § 13–423 is the sole basis for jurisdiction, the injury for which a plaintiff brings suit must have arisen from the basis for jurisdiction. Section 13–423(b) states "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." This means that "[f]or this basis to apply, plaintiff must demonstrate not only that the defendant[ ][has] transacted business in the District, but also that claims pursued by plaintiff arose out of the business transacted here." *Naartex Consulting Corp. v. Watt,* 542 F.Supp. 1196, 1199 (D.D.C.1982), *aff'd,* 722 F.2d 779 (D.C.Cir.1983); *see also COMSAT Corp. v. Finshipyards S.A.M.,* 900 F.Supp. 515, 520 (D.D.C.1995) (holding that "plaintiff's jurisdictional allegations must arise from the same conduct of which plaintiff complains").

Plaintiff's attempt to obtain discovery that post-dates the alleged accident exceeds the limited purpose of the first phase of discovery. Even if defendant had begun to transact business in the District of Columbia after the alleged accident, those business transactions could not have given rise to an accident that would have pre-dated their occurrence. Both the plain language of D.C.Code § 13–423 and the case law interpreting the provision make it clear that any discovery that post-dates the accident can not serve as a basis for jurisdiction under § 13–423. As such, Magistrate Judge Robinson correctly denied plaintiff's motion to compel any discovery that post-dated the accident.

■ Likewise, Magistrate Judge Robinson did not commit any error in not sanctioning the defendant for its late responses to plaintiff's first request for production of documents and answers to interrogatories. " 'District courts enjoy substantial discretion

---

1. Plaintiff implies that even if his requests were untimely, the case ultimately will be resolved more efficiently if defendant is required to respond to the requests. (Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. of the Protective Order at 11–12.) Plaintiff offers no fact-specific analytical support for his conclusory assertion.

in deciding *whether* and how to impose sanctions under Rule 37.'" *Alexander v. FBI,* 186 F.R.D. 78, 88 (D.D.C.1998) (emphasis added) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997)). Defendant's responses to plaintiff's first set of discovery responses were due on October 6, 2000. (Pl.'s Recons. First Mot. at 9.) On October 10, 2000, defendant requested that plaintiff consent to an approximately three-week extension because of the difficulty of gathering documents on two continents. (*Id.* at 3.) The plaintiff refused to consent to this request for an "ambiguous extension." (*Id.*) Defendant produced its responses on November 1, 2000. Given the broad discretion that is conferred upon courts handling discovery, Magistrate Judge Robinson did not abuse her discretion by not imposing Rule 37 sanctions under these facts.

█ It was also not error for Magistrate Judge Robinson to deny plaintiff's motion to compel production of materials in Washington, D.C. rather than at the defendant's corporate office in Australia. Defendant amply demonstrated undue burden having to produce here documents located in Australia. "[W]hen the volume of material sought would make copying and transporting burdensome and oppressive to the producing party, or where the distance between the parties is great, the court may decline to order production and may instead order that the requesting party inspect the documents at the convenience of the party in possession of the documents." *Caruso v. Coleman Co.,* 157 F.R.D. 344, 349 (E.D.Pa.1994) (citing *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.,* 651 F.2d 877, 883 (3d Cir.1981)). Magistrate Judge Robinson acted fully within the law.

█ Plaintiff's argument that the magistrate judge erred by allowing defense counsel, instead of an employee of the defendant, to sign the interrogatory responses lacks

merit as well. Rule 33 of the Federal Rules of Civil Procedure "expressly provides that interrogatories directed to a corporate party may be answered 'by any officer or agent, who shall furnish such information as is available to the party.' This language has been uniformly construed to authorize 'answers by an attorney' for the party." *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 508 (4th Cir.1977) (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2172, p. 538; *United States v. 42 Jars More or Less, etc.,* 264 F.2d 666, 670 (3d Cir.1959); *Fernandes v. United Fruit Company,* 50 F.R.D. 82, 85–86 (D.Md.1970)). Thus, it was not error for Magistrate Judge Robinson not to compel an actual officer of the defendant to sign the interrogatory responses when defendant's counsel had already signed them.

Finally, plaintiff's belief that defendant has not disclosed responsive material does not serve as a basis for reversing Magistrate Judge Robinson's denial of the plaintiff's motions to compel responses to discovery. Defense counsel represented that all information responsive to the requests had been produced and that no documents were being withheld on the basis of privilege. (Tr. at 5–6.) The magistrate judge credited this representation (Tr. at 18), and nothing in the record or the pleadings suggests that the magistrate judge's finding was clearly erroneous or contrary to law. Therefore, plaintiff's motions for reconsideration of his motions to compel production of documents and answers to interrogatories will be denied.

### III. *Motion to Compel Rule 26 Disclosures*

In his motion to reconsider, plaintiff challenged the sufficiency of defendant's disclosures with respect to Rule 26(a)(1)(A), (B) and (D). After the 2000 amendments to the Federal Rules of Civil Procedure,[2] a party is

---

**2.** Plaintiff filed his complaint on March 3, 2000. The 2000 Amendments did not take affect until December 1, 2000. Fed.R. of Civ.P., Orders of the Supreme Court Adopting and Amending Rules, Order of April 17, 2000. The Order accompanying the 2000 amendments directs, however, that the amendments should apply to cases pending at the time of their effective date "inso-

far as just and practicable." *Id.* Discovery began in this case in the fall of 2000, and the parties were apprised of the fact that Rule 26 would be formally amended on December 1, 2000. (Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. of the Denial of Pl.'s Mot. to Compel Rule 26 Disclosures ("Pl.'s Recons. of Disclosures") at 4.) As

required under Fed.R.Civ.P. 26(a)(1)(A) to disclose only the name and, if known, address and telephone number of each individual who might have discoverable information and who the disclosing party may use in the litigation process. *See id.* 2000 advisory committee's note. Plaintiff's allegations that defendant has not produced information regarding some passengers or some crew members (Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. of the Denial of Pl.'s Mot. to Compel Rule 26 Disclosures ("Pl.'s Recons. of Disclosures") at 7–12), is, therefore, irrelevant because the essential inquiry is whether the disclosing party intends to use the witness. Because plaintiff has not shown that defendant intends to use any individual in the litigation process who has not been disclosed, plaintiff's argument supplies no basis for disturbing the denial of his motion to compel.

Likewise, plaintiff's challenges under Rule 26(a)(1)(B) also fail. Rule 26(a)(1)(B) orders the disclosing party to produce a "copy of, or a description by category and location," of all tangible information in the party's control that may be used by the party in the litigation process. Magistrate Judge Robinson found that the defendant disclosed all discoverable information. (Tr. at 18.) As is stated above, her finding of full disclosure was not clearly erroneous or contrary to law. Because defendant disclosed a copy of all tangible information, it was not required to describe the material by category or location. *See* Rule 26(a)(1)(B).

I will, however, compel disclosures with respect to Rule 26(a)(1)(D). The parties in their joint Rule 16 Report agreed to make Rule 26(a)(1)(D) disclosures. The scheduling order adopted the parties' agreement and required Rule 26 disclosures to be made. Plaintiff has represented that he has not received the relevant portions of the defendant's applicable insurance policies. (Pl.'s Recons. of Disclosures at 13.) Defendant has not addressed this issue in its opposition to plaintiff's motion to reconsider the motion to compel Rule 26 disclosures. I will, therefore, affirm Magistrate Judge Robinson's decision with respect to the motion to compel Rule 26(a)(1)(A) and (B) disclosures, but set aside the ruling insofar as it does not require the defendant to disclose applicable insurance information under Rule 26(a)(1)(D).[3]

## CONCLUSION

Magistrate Judge Robinson's protective order relieving defendant of any need to respond to the plaintiff's untimely requests for admissions was not clearly erroneous or contrary to law. The denial of plaintiff's motions to compel production of documents and answers to interrogatories was not clearly erroneous or contrary to law because defendant has provided all discoverable information to which plaintiff is entitled. Finally, plaintiff's motion for reconsideration of the denial of his motion to compel Rule 26 disclosures will be denied with respect to information sought under Rule 26(a)(1)(A) and (B). The Court will, however, compel the defendant to produce all insurance information under Rule 26(a)(1)(D) that it has failed to produce thus far. Accordingly, it is hereby,

ORDERED that plaintiff's motion for reconsideration of the protective order [54–1] be, and hereby is, DENIED. It is further

ORDERED that plaintiff's motions for reconsideration of the denial of the his motions to compel production of documents and answers to interrogatories [36–1] be, and hereby are, DENIED. It is further

ORDERED that plaintiff's motion for reconsideration of the denial of plaintiff's motion to compel Rule 26 disclosures [37–1] be, and hereby is, GRANTED IN PART and DENIED IN PART. Plaintiff's motion is GRANTED with respect to the production of insurance agreements pursuant to Rule 26(a)(1)(D). Defendant shall produce all documents discoverable under Rule 26(a)(1)(D) by December 28, 2001. Plaintiff's motion is

---

such, it seems both just and practicable to apply the 2000 Rules of discovery in the instant matter.

**3.** Because this limited reversal of Magistrate Judge Robinson's decision with respect to these four motions will not produce any new information that would affect venue, jurisdiction or whether an accident occurred, plaintiff will still be required to file an opposition to plaintiff's motion for summary judgment and any cross-motion for summary judgment within 30 days of the issuance of this Opinion and Order.

DENIED with respect to discovery sought pursuant to Rule 26(a)(1)(A) and (B). It is further

ORDERED that plaintiff's motion to extend time for conducting the first phase of discovery [32–1] and plaintiff's motion to stay the March 28, 2001 scheduling order [32–2] be, and hereby are, DENIED. It is further

ORDERED that plaintiff's Rule 56(f) motion for denial of defendant's motion for summary judgment and for a continuance [50–1] be, and hereby is, GRANTED IN PART and DENIED IN PART. Plaintiff shall have 30 days from the issuance of this Order to file his opposition to defendant's motion for summary judgment and any cross-motion for summary judgment, but no extension on the deadline to complete phase one discovery shall be given.