**UNITED STATES of America ex rel. Robert R. PURCELL, Plaintiff,**

v.

**MWI CORPORATION, et al., Defendants.**

**No. CIV.A.98–2088RMU/DAR.**

United States District Court,
District of Columbia.

Nov. 14, 2005.

Jospeh J. Aronica, Duane Morris, David B. Wiseman, Michael D. Granston, U.S. Department of Justice, Roscoe Howard, Jr., Keith V. Morgan, U.S. Attorney's Office, Washington, DC, for Plaintiff.

Catherine M. Rodrigues, James F. Carroll, Sara Walters, Conrad & Scherer, LLP, Ft. Lauderdale, FL, Michael J. Madigan, Evangeline C. Paschal, Akin, Gump, Strauss, Hauer, & Feld, LLP, Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Defendants' Motion to Compel Production of Documents and Responses to Interrogatories (Docket No. 162) is pending for determination by the undersigned. Defendants, by their motion, seek an order compelling relator and the United States to serve responses to discovery requests "served on January 13, 2005, before the January 26, 2005 discovery deadline[.]" Defendants' Motion to Compel Production of Documents and Responses to Interrogatories ("Defendants' Motion to Compel") at 1. Defendants submit that the discovery requests which are the subject of their motion "seek information that [they] have sought, and the government and relator have refused to provide, since 2003." *Id; see also id.* at 8 ("the January 13, 2005 requests are not 'new' discovery, but rather an additional attempt to obtain materials that defendants had sought for over one year."). Defendants maintain that the discovery which they seek is "relevant and discoverable[,]" and that "no prejudice or undue delay will result from compelling disclosure of the sought information." *Id.* at 2.

Both relator and the United States oppose Defendants' motion. The United States does not dispute Defendants' claim that the discovery sought is relevant; rather, the United States submits that Defendants' January 13, 2005 discovery requests, as well as their September, 2005 motion to compel, were untime-

ly, and that in any event, the information which Defendants seek is protected by, at a minimum, the work product privilege and the joint prosecution privilege. The United States' Opposition to Defendants' Motion to Compel Production of Documents and Responses to Interrogatories ("United States' Opposition") (Docket No. 164) at 1, 7–11.[1]

Relator, in a one-sentence opposition to Defendants' motion to compel, "adopts *in toto* the United States' Opposition[.]" Plaintiff Robert Purcell's Opposition to Defendants' Motion to Compel Production of Documents and Responses to Interrogatories (Docket No. 166).

Defendants, in their reply, observe that "[t]he government does not dispute that the discovery requests at issue seek the same information sought by defendants' earlier discovery requests served in 2003." Defendants' Reply to the United States' and Relator's Opposition to Defendants' Motion to Compel Production of Documents and Responses to Interrogatories ("Defendants' Reply") (Docket No. 169) at 2. Defendants maintain that the entry of an order compelling the discovery which they first requested in 2003 will not prejudice the government or delay the case, and that their "substantial need" for the information sought overcomes any claim of privilege. *Id.* at 1, 3–7.

Upon consideration of Defendants' Motion to Compel, the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned will deny Defendants' motion.

## DISCUSSION

### I. Timeliness

■ In *Gluck v. Ansett Australia Ltd.*, the undersigned's determination to deny a motion to compel responses to discovery requests served within a week of the discovery deadline was affirmed by the assigned United States District Judge. *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 220 (D.D.C. 2001) ("Magistrate Judge Robinson committed no error in protecting the defendant from plaintiff's sharp practice."). However, the timing of the service of the discovery requests in *Gluck* and the timing of the service of the discovery requests at issue in the pending motion differ in two material respects. First, in *Gluck*, the party who moved to compel discovery first served his discovery requests "a matter of days" before the close of discovery; in the instant case, the discovery requests were first served two years before the close of discovery. Second, in *Gluck*, because the first phase of discovery "was to be followed quickly" by the filing of dispositive motions, the grant of the motion to compel would have "effectively compressed the two time periods that the defendant would have been entitled to have for formulating responses and drafting motions ... into one";[2] in the instant case, the parties' disputes regarding the conduct of discovery have served to delay the completion of discovery, frustrating the court's efforts to set deadlines for the briefing of dispositive motions or for trial.[3]

Given these material distinctions, the undersigned finds that in this action, the discovery which is the subject of Defendants' motion should not be precluded merely because the requests were served a second time within two weeks of the discovery deadline. Rather, because the requests were first served two years before the January 26, 2005 deadline—a proposition which neither the United States nor relator dispute—*Gluck*, on which the United States principally relies, is distinguishable. *Cf. Banks v. Office of Senate Sergeant–at–Arms*, 222 F.R.D. 7, 17 (D.D.C.2004) (motion for protective order relieving party of obligation to respond to discovery requests served 28 days before the close of discovery denied; court distinguished the facts "from the eleventh-hour

---

1. The United States did not file a privilege log.

2. *See Gluck*, 204 F.R.D. at 219–20.

3. For example, as recently as September, 2005, the parties were unable to propose a date for the filing of dispositive motions. *See* Joint Status Report (Docket No. 161) at 10–11, 13, 17. More recently, the United States again moved for reconsideration of an order compelling some, but not all, of the discovery the government requested. *See* the United States' Motion for Reconsideration of the [Magistrate Judge's] Order of October 13, 2005 (Docket No. 171).

situations in which this court has protected a party from answering untimely requests[.])".

■ For the same reasons, the United States' argument that Defendants' motion to compel was untimely filed also must be rejected. Rule 37 of the Federal Rules of Civil Procedure does not provide a deadline for the filing of a motion to compel; nor did any order of the undersigned, or of the trial court, provide a date by which any motion to compel was to have been filed. The authorities on which the United States relies stand for the proposition that the court has discretion to determine, in the absence of a deadline fixed by an order of the court, whether a motion to compel is untimely. While in each of the four cases cited by the United States, a judge determined that the movant's motion to compel was untimely, all four are distinguishable from the instant case: in two of the four cases cited, a motion for summary judgment was pending when the motion to compel was filed;[4] in one, the motion to compel was filed within three months of the trial date;[5] and in the fourth case cited, the motion to compel was filed three weeks before the trial date.[6] Thus, while each judge who found that a motion to compel was untimely filed considered that deadline for the close of discovery had passed when the motion to compel was filed, the common dispositive factor was that any order requiring further discovery would have disturbed either the consideration of a dispositive motion or the conduct of the trial.

However, in this action, the parties continue to conduct discovery; the United States seeks further discovery from Defendants;[7] a dispositive motions briefing schedule has not been fixed; and no trial date has been set. In these circumstances, the undersigned is unable to find that Defendants' motion to compel was untimely filed.

## II. Privilege

While the timing of Defendants' motion to compel poses no bar to the relief which Defendants seek, the trial court's determination regarding the application of the joint prosecution privilege does. The trial court, addressing the government's invocation of the joint prosecution privilege in the instant case, held that "in [False Claims Act] cases in which the government intervenes, a joint-prosecutorial privilege exists between the government and the relator." *United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 27 (D.D.C.2002).[8] Thus, the trial court has already determined that the discovery of the sort which is the subject of Defendants' pending motion to compel is precluded by the application of, at a minimum, the joint prosecution privilege.

■ Defendants submit that "[a]ny potentially applicable privilege was waived when the government finally agreed to produce the relator's statement of material evidence." Defendants' Motion to Compel at 7. However, the relator's disclosure statement was not the government's work product; in any event, Defendants offer no authority for the proposition that the production of a single document which represents the relator's work product constitutes a complete waiver of the work product privilege, or a waiver of the joint prosecution privilege.

■ Defendants submit that their "substantial need for the information to prove [their] statute of limitations defense with respect to defendant Eller" overcomes any privilege which might apply. Defendants' Reply at 6. However, the undersigned finds that Defendants have not made a showing of "substantial need" sufficient to overcome the

---

4. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev.1999); *American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 647–48 (D.Kan.1995).

5. *See Buttler v. Benson*, 193 F.R.D. 664, 666 (D.Colo.2000).

6. *See Continental Industries, Inc. v. Integrated Logistics Solutions LLC*, 211 F.R.D. 442, 444 (N.D.Okla.2002).

7. *See* n. 3, *supra.*

8. The court further held that "the 'mere showing of a voluntary disclosure to a third person … should not suffice in itself for waiver of the work-product privilege[.]' " *Id.* (quoting *Rockwell Int'l Corp. v. Dep't of Justice*, 235 F.3d 598, 605 (D.C.Cir.2001)).

applicable privileges. First, the undersigned finds, as Defendants readily acknowledge, that they have the relator's statement of material evidence. Thus, Defendants already have the discovery for which a "substantial need" has been recognized. *See, e.g., United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F.Supp. 1338, 1346 (E.D.Mo.1996).[9]

 Finally, the undersigned finds that Defendants have failed to show that the information which they seek is unavailable from other sources. *See* FED. R. CIV. P. 26(b)(3) (otherwise discoverable materials protected by the work product privilege may be obtained "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."). Instead, Defendants argue that "without the requested information, [they] would have no way to test witnesses' testimony regarding when they learned certain facts[.]" Defendants' Reply at 6. However, Defendants offer no authority for the proposition that a party's understandable interest in obtaining impeachment material satisfies the requirement of Rule 26(b)(3) of the Federal Rules of Civil Procedure.

## CONCLUSION

The undersigned has no basis upon which to reject Defendants' January, 2005 discovery requests, or their pending motion to compel, as untimely. However, the discovery Defendants seek is protected by, at a minimum, the work product and joint prosecution privileges. Defendants have not demonstrated that any privileges have been waived other than relator's limited waiver of the work product privilege; nor have Defendants satisfied the Rule 26 "substantial need" standard.

9. Defendants principally rely upon *Minebea Co., Ltd. v. Papst,* 355 F.Supp.2d 518 (D.D.C.2005), in support of their contention that their "substantial need" for the discovery which is the subject of their motion to compel overcomes any claim of privilege. However, the holding in *Minebea* was predicated in large measure upon the determina-

It is, therefore, this 14th day of November, 2005,

**ORDERED** that Defendants' Motion to Compel Production of Documents and Responses to Interrogatories (Docket No. 162) is **DENIED.**

tion that because attorney-client communications were "at issue," the claim of attorney-client privilege was overcome. *Id.* at 524–25. Because neither the advice of counsel nor the attorney-client privilege is germane to the instant discovery dispute, *Minebea* is of little relevance here.