**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: June 1, 2022
Date Decided: June 3, 2022

A. Thompson Bayliss, Esquire
Joseph A. Sparco, Esquire
Peter C. Cirka, Esquire
Anthony R. Sarna, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

Robert A. Penza, Esquire
Stephen J. Kraftschik, Esquire
Christina B. Vavala, Esquire
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19081

RE: *NetApp, Inc. v. Albert E. Cinelli, et al.*,
C.A. No. 2020-1000-LWW

Dear Counsel:

I write regarding the defendants' Motion for Protective Order (the "Motion"). For the reasons discussed below, the Motion is granted.

This action for breach of contract was filed by plaintiff NetApp, Inc. on November 20, 2020 against defendants Albert E. Cinelli, AL.E.C Holding Corp., AEC Capital Corporation, the Albert E. Cinelli and Sharon A. Cinelli 2014 Revocable Trust, John Cinelli, Janet Cinelli, David Gibson, Grant Terrell, and Kelsey MacLennan. On March 19, 2021, the court granted a scheduling order (the

"Original Order") setting a deadline of September 22, 2021 for the "[c]ompletion of fact discovery."[1]

On September 23, 2021, the court granted a revised proposed scheduling order (the "Revised Order").[2]  The parties stipulated in the Revised Order that "pursuant to the [Original Order], the parties ha[d] exchanged privilege logs and completed fact discovery, except for any depositions and third-party discovery still outstanding."[3]  The Revised Order superseded the Original Order and included a December 17, 2021 deadline for "[c]ompletion of depositions and third-party discovery."[4]

On April 21, 2022, the plaintiff served 67 requests for admission ("RFAs") on the defendants.  When the defendants objected to the RFAs as untimely, the plaintiff insisted that the Revised Order lacked a deadline to serve them.  The plaintiff further asserted that the RFAs are not "discovery" but are a mechanism to "simplify the issues for trial by eliminating disputes over non-controversial facts."[5]  In meet and confer communications, the plaintiff conditioned any withdrawal of

---

[1] Dkt. 23.

[2] Dkt. 34.

[3] *Id.*

[4] *Id.*

the RFAs on "Defendants agree[ing] to admit non-controversial facts" in the pre-trial order due on June 9, 2022.[6]

The defendants filed the Motion on May 11, 2022, asking that the court enter a protective order stating that the RFAs "not be had and that Defendants need not respond."[7] The Motion also seeks an award of attorneys' fees and expenses.[8]

In opposing the Motion, the plaintiff reiterates its arguments about the timeliness and nature of the RFAs. Neither argument succeeds. The issues presented in the Motion are sufficiently clear that oral argument on the Motion is unnecessary.

The RFAs are not timely. They were served months after the applicable fact discovery deadline in the Original Order and were not made subject to a later deadline in the Revised Order. Moreover, the notion that requests for admission are not "discovery" but a mechanism to eliminate factual disputes that is not subject to discovery deadlines lacks support in our law.

---

[5] *Id.*; *see also* Pl.'s Opp. to Defs.' Mot. for Protective Order ¶ 31 (Dkt. 61) (explaining NetApp's view that "its RFAs [a]re not 'discovery' at all").

[6] Defs.' Mot. for Protective Order Ex. C (Dkt. 58).

[7] Defs.' Mot. for Protective Order at 9.

[8] *Id.*

As the plaintiff points out, there appears to be a split of authority among federal courts regarding whether requests for admission are subject to discovery cutoff dates. In some cases, such those the plaintiff cites from the Eastern District of Michigan and Western District of Tennessee, courts have held that they are not because a party is not seeking to discover information.[9] Many other courts, however, have taken the opposite approach.[10] In *Gluck v. Ansett Australia Ltd.*, for example, the United States District Court for the District of Columbia observed that the "text, structure and purpose of the federal rules . . . suggest that service of plaintiff's requests for discovery was subject to the discovery deadline."[11]

In my view, the plaintiff has established no basis to treat the RFAs as exempt from the discovery deadline in the Original Order. The first sentence of the RFAs states that they are served "[p]ursuant to Court of Chancery Rules 26 and 36."[12] The title of Rule 26 is "General provisions governing discovery."[13] Like

---

[9] *See, e.g.*, *O'Neill v. Medad*, 166 F.R.D. 19, 21-22 (E. D. Mich. 1996); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989) ("Rule 36 request[s] for admissions [are] not included within the parameters of a general cutoff for discovery in a scheduling order.").

[10] *See Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) (collecting authority in support).

[11] *Id.*

[12] Defs.' Mot. for Protective Order Ex. A.

[13] Ct. Ch. R. 26.

Rule 26, Rule 36 falls under Section V of the Court of Chancery Rules entitled "Depositions and Discovery."[14]

In accordance with the governing discovery rules, Delaware courts treat RFAs as a form of discovery. For example, the Delaware Supreme Court has explained that Court of Chancery Rule 36 "pertain[s] to the discovery process."[15] Indeed, Delaware courts have treated requests for admission as falling within discovery deadlines.[16]

The plaintiff asserts that requiring requests for admission to be served before a fact discovery deadline would require parties to "take shots in the dark at facts they hope to accomplish through discovery."[17] That argument ignores that discovery can be staged, with requests for admission intended to narrow factual disputes coming after other forms of fact discovery have concluded. There is no reason why requests for admission cannot both act as a mechanism to narrow

---

[14] Ct. Ch. R. Section V.

[15] *Corrado v. Simpson*, 599 A.2d 412, 1991 WL 134178, at *6 (Del. 1991) (TABLE).

[16] *See, e.g.*, *Rosenblatt v. Getty Oil Co.*, 1982 WL 17836, at *1 (Del. Ch. Oct. 8, 1982) ("Plaintiff was specifically given a two-week extension past the August 1 discovery cutoff to submit a request for admissions pursuant to [R]ule 36. It was my feeling that this would serve to get uncontroverted matters out of the way insofar as the trial record was concerned, and that it would thus serve to expedite the trial. I understand this to be the purpose of Rule 36."); *see also Tulou v. Alt. Contracting & Material Co., Inc.*, 1998 WL 960734, at *2 (Del. Super. June 30, 1998) (striking requests for admission served after "the date of the discovery cut-off as set forth in the scheduling order").

factual disputes before trial and be served within the applicable discovery deadlines.[18]

Had the plaintiff wished to use the RFAs to narrow disputed issues of fact, it should have timely served them. If the plaintiff needed more time to do so, the parties could have added a new deadline for requests for admission to the Revised Order, as they did for depositions and third-party discovery. Now, the parties must abide by the deadlines that they agreed to and the court ordered.

Fortunately, the parties have another path: negotiating stipulated facts in the pretrial order, which is due in six days. The record demonstrates that the parties are immersed in that process now pursuant to Court of Chancery Rule 16. The plaintiff would be wise to focus on that course rather than pressing ill-timed written discovery intended to serve the same end.

Finally, the defendants ask that the court award them their fees and expenses incurred in bringing the Motion pursuant to Court of Chancery Rule 37(a)(4)(A). Rule 37(a)(4)(A) provides that if a motion for protective order is granted, the court "shall" require the party whose conduct necessitated the motion to pay the moving

---

[17] Pl.'s Opp. to Defs.' Mot. for Protective Order ¶ 4.

[18] *See Corrado*, 1991 WL 134178, at *5 ("Chancery Court Rule 36(a) is designed to expedite the pretrial process and promote the overall efficient administration of justice.").

party's reasonable expenses, unless "the opposition to the motion was substantially justified or . . . other circumstances make an award of expenses unjust."[19]   Given the lack of authority in Delaware directly on point and the inconsistent approach taken by federal courts, the plaintiff arguably had grounds to believe that its position was supportable.  I therefore conclude that it would be unjust to award the defendants fees and expenses.

Sincerely,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[19] *See* Ct. Ch. R. 37(a)(4)(A); *see also* Ct. Ch. R. 26(c) ("The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion [for a protective order].").