**AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff,**

v.

**GENERAL HOST CORPORATION, et al., Defendants.**

No. 84–1802–FGT.

United States District Court, D. Kansas.

April 10, 1995.

M. Kathryn Webb, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, Thomas S. Schaufelberger, Douglas Cowne McAllister, Drinker, Biddle & Reath, Washington, DC, T. Andrew Culbert, Tracey S. Ging, Drinker, Biddle & Reath, Philadelphia, PA, for plaintiff.

Ron C. Campbell, Thomas D. Kitch, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, Rodney Zerbe, Thomas F. Munno, William F. Downey, Dechert, Price & Rhoads, New York City, for defendants.

## ORDER

REID, United States Magistrate Judge.

On March 3, 1995, defendant General Host Corporation filed a motion to compel (Doc.

174–176). A response, in the form of a motion to strike and impose sanctions, was filed on March 20, 1995 (Doc. 177). A reply was filed on April 3, 1995 (Doc. 178–180).

This case was originally filed in 1984. Summary judgment was granted in favor of the plaintiff on July 28, 1987. In August, 1991, the 10th Circuit vacated the judgment insofar as plaintiff's duty to defend, but affirmed the court's order in all other respects. On remand, plaintiff again filed a motion for summary judgment on May 28, 1993.

Defendant seeks to have plaintiff produce certain documents relating to the reinsurance of policies issued by the plaintiff to General Host that are the subject of this action. Defendant had initially sought these documents in a request for production made on October 8, 1991. Plaintiff responded on November 11, 1991 by objecting to the production of those documents. Defendant did not file a motion to compel production at that time.

Judge Theis entered an order on January 4, 1993 which set March 31, 1993 as the deadline for liability discovery. This order was approved by counsel. On March 31, 1993, the court extended the deadline for discovery to April 30, 1993 (Doc. 147). On July 8, 1993, counsel for defendant again asked for documents relating to reinsurance. On August 24, 1993, plaintiff again objected to the production of those documents. Again, defendant failed to file a motion to compel production of those documents.

In September 1994, plaintiff provided some additional documents to the defendant. Defendant's counsel was then permitted in December 1994 to review the original files from which the September 1994 production was made. As a result of the production and review of these documents, defendant now contends that they have further evidence that the documents pertaining to reinsurance are relevant in this case and should be produced.

■ Defendant's motion to compel seeks, in essence, to reopen discovery so that they can obtain certain documents. In reviewing requests for reopening discovery, the following factors should be considered: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990); *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987).

■ While trial is not imminent in this case, the request to reopen discovery is certainly opposed. For purposes of this motion, the court also acknowledges that the discovery could likely lead to relevant evidence. What concerns this court however, is the extreme delay by the defendant in bringing this motion to compel. Defendant sought this information in 1991 and 1993. On both occasions, plaintiff objected for various reasons to providing this information. After these objections were received by the defendant, defendant failed to file a motion to compel production on either occasion. Defendant, in their letter of July 8, 1993, were fully aware then that the documents pertaining to reinsurance could be relevant. The letter itself states that "there has been testimony that the purchase of facultative reinsurance was necessitated by the American Salt exposure" (Doc. 177, Exh. D).[1] In the absence of any evidence to the contrary, the court must assume that this testimony was

---

1. Defendant states that their motion was prompted by the December 1994 production of documents by plaintiff that show plaintiff was aware of pollution at the American Salt plant when it wrote the coverage for General Host and that plaintiff purchased facultative reinsurance on the policies specifically because of the potential risk to plaintiff from the American Salt plant (Doc. 175 at 2). However, the letter of July 8, 1993 shows that defendant was already aware that plaintiff purchased the reinsurance because of the American salt exposure.

obtained before the close of discovery. Therefore, defendant was fully aware of the potential relevance of the reinsurance documents long before it reviewed the documents in the latter part of 1994 that were provided by plaintiff. Defendant has clearly not been diligent in obtaining this discovery within the deadlines set by the court, nor have they made any effort to seek additional time for discovery.

Fed.R.Civ.P. 37 provides no deadline for the filing of a motion to compel. However, liability discovery closed on April 30, 1993. Defendant made absolutely no effort to file a motion to compel the reinsurance documents on or before that date, even though plaintiff had set forth their objections to the production of those documents in November 1991. Neither did defendant make any effort to extend the discovery deadline. Under the court's scheduling order of March 31, 1993, all liability discovery was to be completed prior to the deadline for filing dispositive motions. Dispositive motions have been filed and are presently pending. Defendant now seeks to reopen discovery on matters that could have a major impact on the pending dispositive motions. If the court were to permit additional discovery at this time, then there is a distinct possibility that revised dispositive motions may be necessary in light of any additional information that is obtained. Such a delay would certainly prejudice the plaintiff, especially given the fact that this case was originally filed 11 years ago.

It is also clear from Judge Theis' order of March 31, 1993 that defendant has had more than ample time for discovery. The initial deadline for discovery was July 1, 1992. It was then extended to January 1, 1993, March 31, 1993, and finally April 30, 1993. When Judge Theis entered his order of March 31, 1993, he made clear that the court needs to expedite the disposition of the one of the oldest cases still pending. He indicated then that "further extensions of time shall not be granted" (Doc. 147 at 2).

The court finds that defendant has provided absolutely no excuse for waiting two years after the deadline for discovery set by the court and agreed to by the parties to compel information that they had sought from the plaintiff, and which plaintiff had objected to producing, long before the discovery deadline. This is clearly not a situation where defendant just became aware of the relevance of the reinsurance documents. Given the fact that this case is already 11 years old, and that dispositive motions are pending, the court finds that any further delay to reopen discovery cannot be justified, especially when defendant was aware of the relevance of the information for many years, but has waited until now to file a motion to compel.

■ Plaintiff has filed a motion to strike the motion to compel, and is also seeking sanctions. The court finds that the parties have conferred on this matter, and will therefore not strike the motion for failure to comply with D.Kan. Rule 210(j). The court will not impose sanctions against the defendant or their counsel for filing this motion. As is noted above, some of the factors to consider in reopening discovery are in defendant's favor, i.e., trial is not imminent, and the information sought could very possibly be relevant to this case. However, the court in weighing all the factors, especially the undue delay in filing the motion to compel, and the prejudice to the plaintiff by any further delays in an 11 year old case, finds that discovery should not be reopened.

IT IS THEREFORE ORDERED that the motion to compel (Doc. 174, 178) is denied.

IT IS FURTHER ORDERED that the motion to strike and for sanctions (Doc. 177) is denied.