**CONTINENTAL INDUSTRIES, INC., Plaintiff,**

v.

**INTEGRATED LOGISTICS SOLUTIONS LLC, et al., Defendants,**

v.

**Ningbo Zhonglian Fastener Factory, and Heads & Threads International LLC, Third–Party Defendants.**

No. 00–CV–0903–EA(C).

United States District Court,
N.D. Oklahoma.

Nov. 22, 2002.

J. Warren Jackman, Robert J. Winter, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, OK, Jerry L. Pickerill, Pickerill Law Office PC, Cleveland, OH, John K. Crossman, Brian Dunefsky, Jeffrey L. Friesen, Dreier & Baritz LLP, New York City, for plaintiff.

Philip Raymond Richards, John William Kelson, Thomas D. Hird, Jeffrey Carter Baum, Philip D. Hixon, Richards & Connor, Tulsa, OK, for defendants.

James L. Kincaid, Gerald Lee Jackson, Crowe & Dunley, Scott B. Wood, Brian E. Dittrich, Jason Allen Robertson, Karla Michelle Rogers, Erik Steven Houghton, Whitten McGuire Terry & Roselius, Tulsa, OK, for third-party defendants.

### ORDER

CLEARY, United States Magistrate Judge.

THIS MATTER came before the Court on Plaintiff Continental Industries' Motion to Compel the Production of Documents by Defendants Integrated Logistics Solutions, L.L.C. ("ILS") and Integrated Logistics Solutions, Inc. ("ILS, Inc.") [Dkt. # 166 & 168] Defendants have responded thereto. [Dkt. # 184] On November 21, 2002, the Court heard oral argument on the pending motion. Based upon the record herein, the briefs submitted by the parties and argument of counsel, the Court finds that the Motion to Compel should be *DENIED*.

### I. *Background*

Plaintiff initiated this action more than two years ago. The Complaint was filed on October 20, 2000, naming ILS and ILS, Inc., (collectively, "the ILS defendants") as defendants and alleging breach of contract and breach of warranty. On November 16, 2000, Plaintiff filed its First Amended Complaint adding claims for negligence, declaratory judgment and indemnification.[1] On January 22, 2002, Plaintiff filed its Second Amended Complaint naming Park–Ohio Industries, Inc. ("Park–Ohio") a defendant, and asserting that Park–Ohio is the alter-ego of the ILS defendants and, therefore, liable for the ILS defendants' actions. [Dkt. # 95, ¶ 6] Oddly, however, Plaintiff has never served Park–Ohio with the Second Amended Complaint. Thus, with only three weeks to go before trial, Park–Ohio is still not a party to

this action. At the November 21, 2002, hearing on this motion, counsel for Plaintiff had no explanation for this situation other than that it was "inadvertent."

Plaintiff's pending motion seeks to compel production of certain documents Plaintiff contends are relevant to the alter ego theory contained in the Second Amended Complaint. Plaintiff requested these documents in April 2001 in its First Request to Produce Documents, and again in its Second Request to Produce Documents served on ILS, LLC, in September 2001. The ILS defendants responded to the first set of production requests on or about May 24, 2001, and objected to producing the requested documents on the grounds that they were not relevant to any claim then framed by the pleadings and were not reasonably calculated to lead to discovery of admissible evidence. Defendant ILS, LLC, reiterated these objections in April 2002 when it responded to Plaintiff's Second Request to Produce Documents. Discovery cutoff was May 31, 2002. [Dkt. # 100] While it appears there has been some communication between the parties in an effort to resolve this dispute, both sides agree that the ILS defendants have never abandoned their objections to producing the requested documents.

The Motion to Compel requires expedited treatment because final Pretrial Conference in this matter is scheduled for Monday, November 25, 2002, and a special trial setting is scheduled for December 12, 2002.

### II. *Discussion*

Defendants object to the Motion to Compel on the grounds that it is untimely and would needlessly divert attention from the trial preparation tasks at hand with only three weeks to go to trial. Defendants further contend that the requested discovery is irrelevant given that Park–Ohio has not been made a party to the action. Plaintiff argues that the documents are necessary to determine the relationship between the ILS defendants and Park–Ohio, to show the ability of the ILS defendants to pay any Judgment

---

1. The Court granted summary judgment in favor of Defendants on Plaintiff's negligence claim on

August 27, 2002. [Dkt. # 142]

rendered herein and to show how the ILS defendants do business.

Because the requested documents relate largely to Plaintiff's alter ago theory directed at Park–Ohio, a brief discussion of Park–Ohio's status in this case is necessary. In its Order of December 4, 2001, [Dkt. # 87], granting Plaintiff leave to file an Amended Complaint and striking certain scheduling deadlines, the Court permitted Plaintiff to add Park–Ohio as a defendant, noting: "While the Court makes no finding as to whether Continental will ultimately be successful on [piercing the corporate veil] theory, the Court finds that Continental has presented sufficient evidence to permit amendment." *Order*, p. 4 (December 4, 2001). Accordingly, Plaintiff filed its Second Amended Complaint on January 22, 2002. However, after securing the Court's permission to add Park–Ohio as a defendant in this case, Plaintiff has failed to do so. Plaintiff has never served Park–Ohio. Thus, the target of Plaintiff's alter ego/corporate veil theory is not a party to this action. This is significant because the requested documents have little apparent relevance to this action without Park–Ohio's presence in the lawsuit.

■ Plaintiff's motion is untimely. Plaintiff has waited 18 months before moving to compel production of the documents it seeks. The ILS defendants informed Plaintiff in April 2001 that they objected to production of the documents at issue. Plaintiff's Motion to Compel was filed on November 8, 2002—only three weeks before the scheduled trial of a case the Plaintiff filed two years ago. Furthermore, the Motion to Compel was filed nearly six months after discovery cutoff.[2] Although Fed.R.Civ.P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D.Colo.2000) ("A party cannot ignore available discovery remedies for months and then,

on the eve of trial, move the court for an order compelling production.") Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n. 10 (4th Cir.1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n. 8 (1st Cir.1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647–48 (D.Kan.1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline). It is also critical that the movant not wait to file its motion until the eve of trial. *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir.1999) (noting party's obligation to move to compel "well in advance of trial").

■ Here, Plaintiff runs afoul of both pronouncements: The motion was filed six months after discovery cutoff and only three weeks before trial. For these reasons the Court finds Plaintiff's Motion to Compel untimely. Plaintiff has known about this discovery dispute for 18 months, but taken no remedial action. Now, on the eve of trial and well after discovery cutoff, Plaintiff seeks to compel production. Under the authorities cited above, the Court finds Plaintiff has waived any discovery violations through unreasonable delay.[3] Furthermore, allowing the motion to compel at this point would divert the parties' attention from trial preparation in a case that has been on file for more than two years. This is unfair to the Defendants.

*Frazier v. Bryan Memorial Hosp. Auth.*, 1989 OK 73, 775 P.2d 281 (Okl.1989), the only case authority cited by movant, is of little assistance here. In *Frazier* the issue was whether "an allegedly dominant corporation may be held liable for a subservient entity's

---

2. The parties have, by agreement, continued certain discovery beyond the May 31, 2002, deadline.

3. Since Park–Ohio, is not even a party to this lawsuit, it is difficult to see how Plaintiff can be prejudiced by this decision. As the case is presently framed, the requested discovery is irrelevant to the litigation.

tort." *Id.* ¶ 17. *Frazier* discusses the factors to be considered in determining whether a dominant corporation has sufficient control over its subsidiary to pierce the corporate veil and hold the dominant entity liable for the subsidiary's conduct. *Id.* But here, the *Frazier* factors are of little moment since Park–Ohio, the target of Plaintiff's alter ego claim, is not even before the Court.

Finally, Plaintiff does not appear to be foreclosed from pursuing its alter ego theory in a subsequent action if it obtains a Judgment herein, if the ILS defendants cannot satisfy that Judgment, and if Plaintiff can establish the appropriate foundation for its alter ego allegation.

For these reasons, the Motion is Compel is hereby **DENIED**.